

**Joel G. MacMull, Partner**

jmacmull@mblawfirm.com
973.295.3652 Direct

3 Becker Farm Road
Roseland, New Jersey 07068
973.736.4600 Main
973.325.7467 Fax

570 Lexington Avenue, 21st Floor
New York, New York 10022
212.776.1834 Main
www.mblawfirm.com

April 18, 2025

**VIA ECF ONLY**

Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

**MEMO ENDORSED**

Re:   *Flycatcher Corp. Ltd. v. Affable Avenue LLC et al.*
      Case No. 24-cv-09429 (KPF)

Dear Judge Polk Failla:

This office represents defendant Top Experience Company LLC d/b/a We Pay Cost LLC ("TEC") in the above-captioned matter. We write to the Court following the parties' teleconference with the Court on April 11, 2025, and its resulting order that by April 24, 2025, TEC shall file its pre-motion letter in support of its anticipated motion to dismiss the First Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. ("Rules") 12.

Yesterday, April 17th, the undersigned along with counsel for Affable Avenue LLC ("Affable") received notice from plaintiffs that they intend once again to amend their FAC to add four additional claims and included a copy of their proposed Second Amended Complaint ("SAC"). If permitted, this would be plaintiffs' second amendment to their pleading in just the last two weeks. (ECF 97.)

TEC is still evaluating the merits of whether to consent to plaintiffs' latest request to amend. However, plaintiffs' desire to once again amend their pleading came as a complete surprise to TEC. This is because when Your Honor asked plaintiffs' counsel during the April 11th teleconference if they intended to amend any claims *vis-à-vis* TEC, Plaintiffs' counsel responded unequivocally "no." Plaintiffs' subsequent course reversal following their representation is troubling. But more to the point, it both prejudices TEC's ability to meet the Court's April 24th deadline to file its pre-

Hon. Katherine Polk Failla, U.S.D.J.
April 18, 2025
Page 2 of 2

motion letter, and creates a problem because the pre-motion letter will need to be directed at plaintiffs' operative pleading.

  To rectify this situation, TEC respectfully requests, joined by Affable and plaintiffs, that the Court enter an order that gives (1) defendants until April 25th to determine whether to consent to the SAC; (2) plaintiffs until May 2nd to file their SAC or a motion for leave to amend to file their proposed SAC if defendants do not consent; and (3) defendants until May 9th to file any pre-motion letters directed at the SAC seeking permission to move to dismiss. Defendants respectfully submit that there is "good cause" for this extension and new schedule under Rule 6(1)(A) because defendants need time to evaluate the new claims in the proposed SAC and additional time to draft a pre-motion letter directed at some or all of plaintiffs' claims in the proposed SAC.

  The Court's continued attention to this matter is appreciated.

Respectfully submitted,

Joel G. MacMull

cc: All Counsel of Record (*via ECF*)

---

```
Application GRANTED.  The April 24, 2025 pre-motion letter
deadline is hereby ADJOURNED sine die.  On or before April 25,
2025, Defendants Top Experience Company LLC ("TEC") and Affable
Avenue LLC ("Affable") shall decide whether to consent to
Plaintiffs' Second Amended Complaint ("SAC").  On or before May 2,
2025, Plaintiffs shall file their SAC or seek leave to amend the
First Amended Complaint, as appropriate.  And Defendants TEC and
Affable shall file any pre-motion letters directed at the SAC on
or before May 9, 2025.

The Clerk of Court is directed to terminate the pending motion at
docket entry 113.
```

Dated: April 21, 2025
    New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE