UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| FLYCATCHER CORP. LTD. and FLYCATCHER TOYS INC., | CIVIL ACTION |
| | No. 24-9429 (KPF) |
| PLAINTIFFS, | **THIRD AMENDED COMPLAINT** |
| v. | |
| AFFABLE AVENUE LLC dba CJ DIST, OZMOS COMPANY LLC,  EYTAN GROSSMAN d/b/a EYG DEALS, CREATIVE REWARDS INC., JOSHUA CHAVEZ d/b/a ONESTOPFASTSHOP, TOP EXPERIENCE COMPANY LLC d/b/a WE PAY COST LLC, PRETTY PRINCESS LLC d/b/a NORVI, AYANEE LLC, FORTUNA KG LLC d/b/a FORTUNAKG, JAXSON MANAGEMENT LLC, JOAN ALEXANDER SORIANO d/b/a PRIMECHOICEMART, A WAHABI CORPORATION d/b/a MCPROFITS, MODA ORIGINAL LLC, S&N GLOBAL SUPPLY INC., SAM SHAMLOO, EYAD WAHBY, VALLEY BODEGA WHOLESALE INC., VALUE VALLEY WHOLESALE LLC,  ADAM HAMIDA and JOHN DOES 1 to 25. | |
| DEFENDANTS. | |

---

In accordance with Rule 15(a) of the Federal Rules of Civil Procedure and the Order of the Court (ECF Dkt. No. 140), Plaintiffs Flycatcher Corp. Limited and Flycatcher Toys Inc. (collectively "Flycatcher") complaining of the defendants, through their undersigned counsel, hereby amend their complaint and allege as follows:

## NATURE OF THE CASE

1.      This case involves the sale of a large quantity of stolen goods by various internet merchants.  The sale of such goods, bearing Flycatcher's registered marks, deceives the consuming

public and has caused irreparable harm to Flycatcher.  In particular, Defendants advertise the goods on the same internet platforms used by Flycatcher, without informing their customers and potential customers that the goods are stolen.  As Flycatcher will not honor the warranty for stolen goods, the customers thereby receive an inferior and materially different product, which cheats such customers, infringes upon Flycatcher's trademark rights, and involves false and deceptive advertising, all in violation of federal and state law.

## JURISDICTION

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 to the extent the complaint raises claims under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*.  The court also has jurisdiction pursuant to 28 U.S.C. §§ 1367 and 1338(b) to the extent the controversy concerns trademark rights, unfair competition and deceptive acts and practices in commerce under New York and common law.

3.      The Defendants are subject to the personal jurisdiction of this Court, in that they offer and sell infringing product to New York, including through the Amazon website, and in some cases, other internet platforms.

## THE PARTIES

4.      Plaintiff Flycatcher Corp. Ltd. is a United Kingdon Private limited Company, based in London, United Kingdom.

5.      Plaintiff Flycatcher Toys Inc. is a Delaware corporation, having an office at 1111B S Governors Ave., Suite 20981,  Dover, DE 19904.

6.      Defendant Affable Avenue LLC dba CJ Dist is a limited liability company having its principal office at  1410 Broadway Room 1206, New York, New York 10018.

7.    Defendant Ozmos Company LLC is a limited liability company having its principal office at 802 East 92nd Street, Brooklyn, New York 11236.

8.    Defendant Eytan Grossman, is an individual, doing business under the name EYG Deals, having an address at  16513 72nd Ave, Fresh Meadows NY 11365-4233

9.    Defendant Creative Rewards Inc. is a New York corporation having its principal place of business at 1451 East 26th Street, Brooklyn NY 11210.

10.    Defendant Joshua Chavez is an individual, doing business under the name OneStopFastShop, having an address at 2213 La Siesta Way, National City, California 91950.

11.    Defendant Top Experience Company LLC, is a California limited liability company, doing business under the name We Pay Cost LLC with its principal place of business at 11830 Liscomb Street, El Monte, California 91732.

12.    Pretty Princess LLC is a California limited liability company, doing business under the name NORVI, having its principal place of business at 3400 Cottage Way, Ste G2, Sacramento, California 95825.

13.    Defendant Ayanee LLC is a California limited liability company, having its principal place of business at  4074 South Central Avenue., Los Angeles, California 90011.

14.    Defendant Fortuna KG LLC, is a California limited liability company, doing business under the name Fortunakg,  with its principal place of business at 282 Santa Barbara, Irvine, California 92606-0812.

15.    Defendant Jaxson Management LLC is a limited liability company, having an address at 217 Route 46 W #1006S, Saddle Brook NJ 07663.

16.    Joan Alexander Soriano is an individual, doing business under the name Primechoicemart, having an address at 92 Hawxhurst Road, Monroe, New York 10950.

3

17.     Defendant A Wahabi Corporation is a corporation or other legal entity, doing business under the name MCprofits, and having an address at 369 Wall Street, Los Angeles, California 90013.

18.     Defendant Moda Original LLC is a New Jersey limited liability company, having its principal place of business at 547 Main Street, Apt. 3, Paterson NJ 07503.

19.     Defendant S&N Global Supply Inc. is a California corporation, having an address at 3100 Airway Avenue, Costa Mesa, California, 92626.

20.     Defendant Sam Shamloo is an individual, having an address at 3100 Airway Avenue, Costa Mesa, California, 92626, who is the principal and Chief Executive Officer of S&N Global Supply, and who is and was a conscious, dominant and active force behind the wrongful acts of that company, having made the decision that company would engage in such wrongful activities.

21.     Defendant Eyad Wahby, is an individual, having an address at 310 Bronze, Irvine, California 92618, who is and was the principal and Chief Executive Officer of A Wahabi Corporation, and who is and was a conscious, dominant and active force behind the wrongful acts of that company, having made the decision that company would engage in such wrongful activities.

22.     Defendant Valley Bodega Wholesale Inc. is a California corporation, having an address at 20850 Dearborn Street, Chatsworth, California, 91311.

23.     Defendant Value Valley Wholesale LLC is a California limited liability company, having an address at 17315 East Valley Blvd., La Puente, California 91744.

24.     Defendant Adam Hamida is an individual, having an address at 17315 East Valley Blvd., La Puente, California 91744, who is and was the principal and managing member or agent of Value Valley Wholesale LLC, and who is and was a conscious, dominant and active force

behind the wrongful acts of that company, having made the decision that company would engage in such wrongful activities.

25.     Defendants JOHN DOES 1 to 25 are individuals, who are owners, managers or managing agents of one or more of the above-named legal entities, and who are a conscious, dominant and active force behind the wrongful acts of their respective entity defendants, having made the decision that the entity defendants would engage in such wrongful activities.

26.     All of the above Defendants are subject to the personal jurisdiction of this Court, in that they either maintain their principal place of business in this State, or they have directed false advertising and sale of infringing goods to this State.

27.     All of the above Defendants are collectively referenced herein as "Defendants."

28.     The following Defendants are referenced herein collectively as the "Merchant Defendants": Affable Avenue LLC dba CJ Dist; Ozmos Company LLC; Eytan Grossman; Creative Rewards Inc.; Joshua Chavez; Top Experience Company LLC; Pretty Princess LLC; Ayanee LLC; Fortuna KG LLC; Jaxson Management LLC; Joan Alexander Soriano; A Wahabi Corporation; and Moda Original LLC.

29.     The following Defendants are referenced herein collectively as the "Supplier Defendants": S&N Global Supply Inc.; Valley Bodega Wholesale Inc.; Value Valley Wholesale LLC.

30.     The following Defendants are referenced herein collectively as the "Manager Defendants": Sam Shamloo, Eyad Wahby; Adam Hamida.

## FACTS COMMON TO ALL COUNTS

**The Flycatcher Toy Business**

5

31.    Flycatcher was founded by Shay Chen, a father of three who ran two successful technology businesses before turning his attention to toys.  Intrigued by the way his own children moved seamlessly between traditional and digital play, he focused on the way the two patterns intersect, incorporating state-of-the-art technology into kid-friendly products. This elemental integration is reflected in every one of Flycatcher's toys.

32.     Flycatcher toys incorporate "STEAM" learning concepts and core curricula while nurturing creativity, physical skills and emotional intelligence.  STEAM refers to an educational approach to learning that uses Science, Technology, Engineering, the Arts and Mathematics as access points for guiding student inquiry, dialogue, and critical thinking.  This method has been the subject of studies showing its effectiveness in child development and education.

**Corporate Relationship And Trademark**

33.    Flycatcher Corp. Ltd. is the parent company of and sole shareholder in Flycatcher Toys Inc.

34.    Flycatcher Corp. Ltd. is the owner of the trademark SMART SKETCHER, and is the owner of U.S. Trademark Registration Number 5,859,014 for that mark, for "Toys and playthings, namely, children's educational toys for developing fine motor skills, cognitive skills, oral language skills, colors recognition skills, alphabet skills, and counting skills; electronic educational game machines for children; games, namely, memory games, alphabet games, children's educational games for developing fine motor skills, cognitive skills, oral language skills, colors recognition skills, alphabet skills, and counting skills; Drawing toys in the nature of a toy multimedia projector that displays images and audio for the purpose of teaching drawing, writing, spelling, and reading in multiple languages."  The registration is valid and subsisting, and the mark

is a strong one both inherently and commercially.  A copy of the registration is attached as Exhibit A.

35.    The SMART SKETCHER mark has been heavily promoted and advertised by Plaintiffs.  With yearly sales in the tens of millions of dollars.  The product has also received many positive critical reviews.  For example, *Good Housekeeping* listed the smART SKETCHER 2.0 among its "Hottest Toys" of 2024.  https://www.goodhousekeeping.com/childrens-products/toy-reviews/g62114364/best-amazon-holiday-toys-2024/.

36.    As a result, the SMART SKETCHER mark has achieved "acquired distinctiveness," such that in the minds of the public, the primary significance of the mark is to identify the source the product rather than the product itself.  The mark is accordingly a protectible mark as one that has achieved acquired distinctiveness.

37.    Based on the achievement of acquired distinctiveness, Flycatcher Corp. Ltd. has recently applied to register same on the Principal Register, Serial No. 99099320.

38.    Apart from the SMART SKETCHER word mark, Flycatcher Corp. Ltd. owns a design trademark that appears thus:



(hereinafter the "SMART SKETCHER Design Mark").   That mark is registered on the Principal Register, U.S. Trademark Registration Number 5,908,667 for that mark, for "Toys and playthings, namely, children's educational toys for developing fine motor skills, cognitive skills, oral language skills, colors recognition skills, alphabet skills, and counting skills; electronic educational game

machines for children; games, namely, memory games, alphabet games, children's educational games for developing fine motor skills, cognitive skills, oral language skills, colors recognition skills, alphabet skills, and counting skills; Drawing toys in the nature of a toy multimedia projector that displays images and audio for the purpose of teaching drawing, writing, spelling, and reading in multiple languages." The registration is valid and subsisting, and the mark is a strong one both inherently and commercially. A copy of the registration is attached as Exhibit B. Further, the mark has been renewed under Sections 8 and 15 of the Trademark Act, and has accordingly become incontestable.

39. The two Flycatcher entities are parties to a distribution agreement, whereby Flycatcher Toys Inc. is a distributor of Flycatcher products, and a licensee of all of its parent's trademark and trade name rights to be used in the marketing, advertising for, and resale and support of Flycatcher products in the United States.

40. Flycatcher is thus responsible for the marketing and distribution of Flycatcher brand products, and offers and sells them through the Flycatcher website, as well as on retail internet platforms such as Amazon.

**The Smart Sketcher Projector**

41. In 2017, Shay Chen introduced the smART Sketcher® Projector. This first-of-its-kind projector made every kid the smARTest artist by turning photos from your mobile device into amazing drawings. It also included writing and spelling activities, vetted by educators and consistent with national curriculum standards. smART Sketcher was an instant hit, winning numerous awards in the United States and globally.

42.    In 2022, Flycatcher introduced a new version this product, the  smART Sketcher 2.0, which improved upon the original Sketcher with smARTer content and easier-to-use cartridges. Both toys give kids options for open-ended play as well as step-by-step instructions.

43.    The  smART  Sketcher  2.0  is  offered  by  Flycatcher  on  its  own  website, https://store.flycatcher.toys/, as well as on internet retail platforms such as Amazon and Walmart, and has sold thousands of units throughout the United States.  The product is further described at the page https://store.flycatcher.toys/products/smart-sketcher-2-projector.

44.    On Amazon, Flycatcher offers the smART Sketcher 2.0 using the Amazon ASIN B08TCD1RTK.  A copy of the offering is attached as Exhibit C.

45.    The smART Sketcher 2.0 product bears the SMART SKETCHER trademark, both on the packaging and in advertising for same.

46.    The smART Sketcher 2.0 product bears the SMART SKETCHER Design Mark both on the packaging and in advertising for same.    The following is an illustration of the packaging for the product showing the design mark:



The design mark also appeared in Amazon listings, as shown in Exhibit C.

47.    As part of its product, Flycatcher offers a manufacturer's warranty against defects. This warranty is advertised on Amazon and its own website.  The listing for this product on the Amazon website states:

**Product Warranty:** For warranty information about this product, please <u>click here</u>.

The words "click here" contain a hyperlink to an Amazon page that states:

Please contact the seller directly for warranty information for this product. You may also be able to find warranty information on the manufacturer's website.

Flycatcher's website states that there is a 90-day warranty, which it extends to all of its customers. This is superior to Amazon's own 60-day return policy.  However, the website explicitly states that Flycatcher requires the customer to provide an order number, and it will not honor the warranty if the product is not acquired from legitimate sources, such as stolen goods.

**The Theft Of smART Sketcher Product**

48. On or about October 16-17, 2024, three trucks carrying 12,600 units of smART Sketcher 2.0 products, valued at over $1 million, were stolen on their way from a warehouse in North Las Vegas, Nevada to Walmart's Fulfillment Distribution Center in Georgia.  A fake trucking company falsified information in order to divert a shipment of three truckloads of product.  An incident police report has been filed, and an investigation is underway, but to date no product has been recovered.

49. This stolen product bore both the SMART SKETCHER mark and the  SMART SKETCHER Design Mark.  However, no authorized first sale by Flycatcher ever took place with regards to this stolen product.   Flycatcher's arrangement with Wal-Mart was not a sale arrangement, rather, the product would simply be held in Wal-Mart's warehouse, offered for sale on the Wal-Mart website by Flycatcher, and then sold to individual consumers through the website.

But as the product never reached the Wal-Mart warehouse, it was never sold by Flycatcher to anyone.

**Defendants' Sale And Offer For Sale Of Stolen Product**

50. Shortly following the theft, Flycatcher discovered that various internet and wholesale merchants, including the Merchant Defendants named herein, were offering for sale an unusually high volume of units—priced at a discount unachievable through legitimate channels. Flycatcher is able to determine the source of the product based on certain codes imprinted on the packaging.

51. Flycatcher performed test buys from Merchant Defendants, and confirmed, using the aforementioned codes, as to each Defendant that the product being sold derived from the stolen shipments.

52. The Merchant Defendants were advised that the goods at issue are stolen and their sale illegal. The Merchant Defendants' sale of the stolen products continued despite these warnings.

53. Cease and desist letters were sent to each of the Merchant Defendants which demanded that they cease selling the stolen goods, and demanded their return. The letters demanded, among other things, that the Merchant Defendants **"[r]eturn all remaining inventory** to a destination specified by our Client, providing proof of shipment and tracking information." The Merchant Defendants refused to cease offering the stolen goods for sale, refused to return the stolen products and, upon information and belief, made sales of the stolen goods after receiving cease and desist letters.

54. For example, Defendant Top Experience Company received a cease-and-desist letter which included the above-quoted demand dated November 13,2024 (which it received shortly thereafter). A cease and desist letter, also containing the same demand, was sent to defendant Affable Avenue

on December 2, 2024.    Notwithstanding receipt of these letters, these defendants continued to offer the stolen goods and refused to return their remaining inventory.

55. The Merchant Defendants have advertised the product on Amazon and Walmart, using the exact same listing as that of Flycatcher, as shown in Exhibit C.  As per Amazon practice, the same product is listed only once, with one ASIN, and the only difference is that a customer has the option of purchasing from different sellers at different prices.  As noted above, that listing states that a manufacturer's warranty is available as per the manufacturer's website.

56. The Supplier Defendants were discovered in the course of this litigation to have supplied large quantities of the stolen product to one or more of the Merchant Defendants.  The Supplier Defendants offered for sale and sold the stolen SmartSketcher 2.0 product in interstate commerce. They also actively encouraged their customers to market these products on the internet.

57. The Manager Defendants were discovered in the course of this litigation to be owners, managers or managing agents of one or more of their respective legal entities as alleged above, and who are each a conscious, dominant and active force behind the wrongful acts of their respective entity defendants, having made the decision that the entity defendants would engage in such wrongful activities.

58. At no time did any Defendant advise its customers that the product being sold is stolen goods, nor that as a result Flycatcher will not honor the manufacturer's warranty.  The product sold is not genuine, as it consists of stolen goods, as to which Plaintiffs have never used their trademark rights, and there has never been an authorized first sale of the stolen goods by Flycatcher.  Further, the product being sold is inferior, in that it completely lacks a Flycather warranty, and Defendants' customers are thereby deceived into purchasing an inferior product.

59. Flycatcher has been harmed in several ways by Defendants' activities.  First, by selling stolen goods, Defendants have been able to undercut Flycatcher's price, thereby diverting millions of dollars worth of sales.

60. Second, Amazon has a feature called the Buy Box (recently renamed the Amazon Featured Offer).  The Amazon Buy Box is a section on the right side of an Amazon product detail page where customers can add a product to their cart with a highly visible box that says, "Buy Now." This is a very valuable marketing tool for any Amazon seller, including Flycatcher.  However, Amazon will not include an offering in the Buy Box if the product can be purchased from another source at a lower price.  Defendants' actions thus put Flycatcher in a dilemma:  either lower its price to match their artificially low price (and thereby lose revenue) or lose its position in the Buy Box, and thereby lose a valuable marketing tool.

61. Third, many of the Merchant Defendants have low seller ratings on Amazon and poor reviews.  The association of Flycatcher's product with these disreputable sellers causes harm to Flycatcher's goodwill and reputation.  That is further harmed from backlash from customers who purchase these stolen goods, and then are later told that such is not covered by the warranty.

62. In short, Defendants' wrongful actions have caused severe and irreparable harm to Flycatcher, including loss of millions of dollars and reputational harm.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT
### 15  U.S.C. § 1114

63. Plaintiffs repeat the foregoing allegations as though set forth fully herein.

64. Flycatcher is the owner of the registered mark SMART SKETCHER and the SMART SKETCHER Design Mark, as per the above-referenced U.S. Trademark Registrations.  The registrations and trademarks therein are valid and subsisting.

65. As described above, Defendants have infringed that trademark by offering for sale and selling goods that bear an exact copy of the trademark, but which goods are not genuine and are materially different from that sold by Flycatcher, without informing their customers. Defendants' use of the SMART SKETCHER mark and the SMART SKETCHER Design Mark is likely to cause confusion, mistake or to deceive customers.

66. The activities of Defendants complained of herein constitute willful and intentional uses, appropriations and infringements of the SMART SKETCHER mark and the SMART SKETCHER Design Mark; completely and deliberately disregard Plaintiffs' rights and were commenced and have continued in spite of Defendants' knowledge that the use of the marks in the manner described herein was and is in direct contravention of Plaintiffs' rights, all in violation of 15 U.S.C. § 1113(1)

67. The use by Defendants of copies of the SMART SKETCHER mark and the SMART SKETCHER Design Mark in the manner described herein has been without the consent of Plaintiffs, is likely to cause confusion and mistake in the minds of the purchasing public and the trade that the products sold and offered for sale by Defendants are those of Plaintiffs, when they are not.

68. Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damage as a result of the acts of Defendants detailed above in an amount to be determined at trial, but constituting at least $1,000,000.

## COUNT II

### FEDERAL UNFAIR COMPETITION
### 15 U.S.C. § 1125

69. Plaintiffs repeat the foregoing allegations as though set forth fully herein.

70. Defendants' activities described herein constitute a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause

confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' product with Plaintiffs, as to the origin, sponsorship, or approval of these products.

71. The activities of Defendants complained of herein constitute willful and intentional uses, appropriations and infringements of the SMART SKETCHER mark and the SMART SKETCHER Design Mark; completely and deliberately disregard Plaintiffs' rights and were commenced and have continued in spite of Defendants' knowledge that the use of the marks in the manner described herein was and is in direct contravention of Plaintiffs' rights, all in violation of 15 U.S.C. § 1125(a)

72. The use by Defendants of copies of the SMART SKETCHER mark and the SMART SKETCHER Design Mark in the manner described herein has been without the consent of Plaintiffs, is likely to cause confusion and mistake in the minds of the purchasing public and the trade that the products sold and offered for sale by Defendants are those of Plaintiffs, when they are not.

73. Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damage as a result of the acts of Defendants detailed above in an amount to be determined at trial, but constituting at least $1,000,000.

**COUNT III**

**FEDERAL FALSE ADVERTISING**
**15 U.S.C. § 1125**

74. Plaintiffs repeat the foregoing allegations as though set forth fully herein.

75. The Merchant Defendants' activities described herein constitute false representations of the nature, characteristics, qualities, in commercial advertising or promotion, of the items they offered for sale and sold on Amazon.  Specifically, the listing of items with manufacturer's warranty information as alleged herein, when such would not be honored for the Merchant

Defendants' stolen items, is a false representation.   Such false representation is material because the Flycatcher warranty extends farther than that offered to all Amazon customers.

76. Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damage as a result of the acts of Defendants detailed above in an amount to be determined at trial, but constituting at least $1,000,000.

## COUNT IV

### NEW YORK DECEPTIVE TRADE PRACTICES
### N.Y. General Business Law  § 349

77. Plaintiffs repeat the foregoing allegations as though set forth fully herein.

78. Defendants' activities described hereinabove constitute deceptive trade practices in violation of N.Y. General Business Law  § 349.  In addition to the acts of trademark infringement, the Merchant Defendants' advertising of these products is deceptive by omitting the fact that they are selling stolen goods, and affirmatively representing in the Amazon listing that they are covered by a manufacturer's warranty, when they are not.

79. Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damage as a result of the acts of Defendants detailed above in an amount to be determined at trial, but constituting at least $1,000,000.

## COUNT V

### FOSTERING SALE OF STOLEN GOODS
### N.Y. Penal Law § 165.66

80. Plaintiffs repeat the foregoing allegations as though set forth fully herein.

81. N.Y. Penal Law § 165.66 provides:

A person is guilty of fostering the sale of stolen goods when such person, for the purposes of financial gain, acting alone or in concert with another person or persons:

1. Uses any internet website, application, online marketplace, digital service, or any other platform or venue, including any physical building, public or private space, or location to offer for sale retail goods or merchandise which are stolen or unlawfully obtained; and

2. Knew or should have known that such retail goods or merchandise were stolen or unlawfully obtained.

82. Defendants are each guilty of violation of this penal statute, in that, for financial gain, they have used internet websites or online marketplaces to offer for sale retail goods or merchandise which are stolen or unlawfully obtained; and which they knew or should have known that such retail goods or merchandise were stolen or unlawfully obtained.

83. New York would recognize a private cause of action for violation of that section of the Penal Code under the three-pronged test set forth by the New York Court of Appeals in *Sheehy v. Big Flats Cmty. Day, Inc.,* 73 N.Y.2d 629, 633, 541 N.E.2d 18, 20 (1989).

84. Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damage as a result of the acts of Defendants detailed above and violation of the Penal Code, in an amount to be determined at trial, but constituting at least $1,000,000.

## COUNT VI

## COMMON LAW UNFAIR COMPETITION

85.    Plaintiffs repeat the foregoing allegations as though set forth fully herein.

86.    The activities of Defendants complained of herein constitute common law unfair competition.

87.    Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damage as a result of the acts of Defendants detailed above in an amount to be determined at trial, but constituting at least $1,000,000.

## COUNT VII

## <u>CONVERSION</u>

88.    Plaintiffs repeat the foregoing allegations as though set forth fully herein.

89.    Defendants intentionally and without authority, assumed or exercised control over personal property belonging to Flycatcher, specifically the stolen SmartSketcher 2.0 items.

90.    Plaintiffs had a possessory right or interest in such property, in that they had title to it and such title never passed to the thieves or defendants.

91.    Defendants' dominion and control over the property interfered with Plaintiffs' rights, and was in derogation thereof, in that Plaintiffs were unable to sell or offer for sale same.

92.    As set forth above, return of any remaining inventory of the stolen goods was demanded, but refused and the Merchant Defendants continued to offer the stolen product for sale. Furthermore, Defendants sold substantial quantities of the stolen product, which they cannot now return.

93.    The activities of Defendants complained of herein constitute common law conversion

94.    Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damage as a result of the acts of Defendants detailed above in an amount to be determined at trial, but constituting at least $1,000,000.

## COUNT VIII

## <u>REPLEVIN</u>

95.     Plaintiffs repeat the foregoing allegations as though set forth fully herein.

96.     Certain of Defendants have retained some or all of the quantity of stolen SmartSketcher 2.0 items, and such items are still in their possession or being held by others on their behalf.

97.     Plaintiffs are entitled to an order returning all such remaining inventory.

**COUNT IX**

**BUYING, RECEIVING AND SELLING STOLEN GOODS**
**California Penal Code § 496(a,c)**

98.     Plaintiffs repeat the foregoing allegations as though set forth fully herein.

99.     Defendants Top Experience Company LLC, Joshua Chavez, Pretty Princess LLC, Ayanee LLC, Fortuna KG LLC, S&N Global Supply Inc., Sam Shamloo, Eyad Wahaby and Valley Bodega Wholesale Inc. are each entities or individuals located and doing business in California, and subject to California law.   Certain other Defendants, whose identities are currently unknown, though based outside California, bought their inventory of stolen goods from California suppliers, from where the items were shipped.   All such Defendants are collectively referenced as the "California Defendants."

100.    California Penal Code Section 496(a) provides:

> Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170.

101.    The stolen product was acquired through fraud and theft as detailed above, and then sold, eventually reaching Defendants.

102.    The California Defendants violated California Penal Code Section 496(a) by buying, receiving and/or selling the stolen SmartSketcher 2.0 items, knowing same to have been stolen.  The California Defendants acted knowingly or with willful ignorance of the facts, in that the items were sold to them in large quantities for prices well below the market price, such items are generally only available from Flycatcher, and Defendants neither sought nor were provided any proof as to the source of this stolen inventory.

103.    Those California Defendants who are Merchant Defendants received cease and desist letters, but continued to sell the stolen products.

104.    California Penal Code Section 496(c) provides for a civil action to be brought by "any person who has been injured" by violations of that section of the Penal Code, and includes an award for three times actual damages, as well as costs of suit, and reasonable attorney's fees.

105.    Plaintiffs have been injured by the California Defendants' actions, have no adequate remedy at law, and are suffering irreparable harm and damage as a result of the acts of Defendants detailed above in an amount to be determined at trial, but constituting at least $1,000,000.

WHEREFORE Plaintiff requests the following relief from the Court:

1.    That Defendants, their agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be preliminarily and then permanently enjoined and restrained:

(a)    From imitating, copying, reproducing, or using in any manner the SMART SKETCHER mark, including in the manner complained of herein;

(b)    From further engaging in false or deceptive advertising in the offering for sale of products;

(c)    From representing, suggesting in any fashion to any third party, or performing any act which may give rise to the belief that Defendants, their business, or any of their goods and services , are authorized or sponsored by Plaintiffs;

(d)    From further sale of the stolen goods.

(e)    From otherwise competing unfairly with Plaintiffs in any manner.

2.    That the Court issue an injunction directed to Amazon and any other platform to immediately disable any listings by Defendants, and, to the extent they have inventory of Defendants, that they retain same pending inspection by Flycatcher and further order of the Court.

3.    That Defendants be ordered to conduct a consumer recall offering each purchaser of items misrepresented in their Amazon listings, a refund for return of the product.

4.    The Defendants be ordered to turn over all remaining inventory of the stolen products to Flycatcher.

5.    That Defendants be required, pursuant to 15 U.S.C. § 1117 and the New York statutes cited above, to account to Plaintiffs for any and all profits derived by them from their acts of trademark infringement and unfair competition, and for all damages sustained by Plaintiff by reason of Defendants' actions complained of herein, and that such award be trebled in accordance with the New York Deceptive Trade Practices Act and California Penal Code Section 496(c), as well as awarding common-law punitive damages.

6.    That pursuant to 15 U.S.C. § 1117, the New York Deceptive Trade Practices Act and California Penal Code Section 496(c), Plaintiffs have and recover from Defendants, Plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action.

7.    That Plaintiffs be awarded both pre-judgment and post-judgment interest on each and every damage award.

21

8.      That Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        May 23, 2025

KOFFSKY SCHWALB LLC

By: /s/ Efrem Schwalb
Efrem Schwalb
Tal S. Benschar
500 Seventh Avenue, 8th Floor
New York, New York  10018
(646) 553-1590

*Attorneys for Plaintiffs
Flycatcher Corp. Ltd.
and Flycatcher Toys Inc.*