

**Joel G. MacMull, Partner**

jmacmull@mblawfirm.com
973.295.3652 Direct

3 Becker Farm Road
Roseland, New Jersey 07068
973.736.4600 Main
973.325.7467 Fax

570 Lexington Avenue, 21st Floor
New York, New York 10022
212.776.1834 Main
www.mblawfirm.com

June 26, 2025

**VIA ECF ONLY**

Hon. Katherine Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

    Re: *Flycatcher Corp. Ltd. v. Affable Avenue LLC et al.*
       **Case No. 24-cv-09429 (KPF)**

Dear Judge Failla:

  This office represents defendant Top Experience Company LLC d/b/a We Pay Cost LLC ("Top") in the above-captioned matter. The circumstances below compel us as officers of the Court to advise Your Honor of an unfortunate situation that has arisen in connection defendant Affable Avenue LLC 's("Affable") motion to dismiss that it filed last Friday, June 20, 2025. (ECF 153 *et seq.*) We do not embark upon this course lightly but do so pursuant to our obligations under New York's Rules of Professional Conduct 3.3, 8.3, and 8.4.

  Last weekend, this office began to review Affable's brief (ECF 156) in support of its motion to dismiss to determine whether, and to what extent, Affable's arguments may benefit Top. Upon review, this office discovered that Affable's brief contains at least 13 citations to cases that do not exist. This office further discovered another 8 cases that do exist but the purported quotations from those cases do not. (A complete list of the problematic citations is set forth in my initial email to Affable's counsel on Sunday, June 22, 2025, a true and correct copy of which is attached hereto as **Exhibit A**. The attached is the entire email chain between me and Affable's counsel, Steven Feldman, Esq.) These erroneous citations and quotations, coupled with another oddity in Affable's

brief,[1] led me to believe that Affable's brief had been written, at least in part, using an artificial intelligence ("AI") large language model such as ChatGPT.

On the evening of Sunday, June 22nd, I emailed Mr. Feldman in which I alerted him to the citation and quotation problems in Affable's brief and provided him a list of the same. (Exhibit A at 8-10). I also requested that by no later than Monday, June 23, 2025, he file a letter with the Court (i) voluntarily withdrawing his motion and brief; and (ii) adequately explaining to the Court his reasons for doing so. (*Id.* at 9). Mr. Feldman did not proceed as requested.

Rather, on the afternoon of Monday, June 23rd, Mr. Feldman replied to the email in which he offered an explanation for his errors and indicated that he would be substituting his brief with corrected citations. (*Id.* at 7-8). However, Mr. Feldman did not offer any timetable as to when he would be informing the Court. (*Id.*). Mr. Feldman also asked in his email that this office review his revised brief to ensure the accuracy of his citations. (*Id.*). Later that day, this office declined Mr. Feldman's request but provided him with another 24 hours by which to withdraw the problematic brief and alert the Court. (*Id.* at 6-7).

Minutes after my email, Mr. Feldman contacted me via telephone. During this conversation, Mr. Feldman continued to press the idea that this office should review a draft of his new brief prior to him submitting it to the Court. We again declined to do so.

The next day, Tuesday, June 24th, Mr. Feldman again wrote to the undersigned advising that he intended to correct his errors, but that he would do so on his own undefined timeline. (*Id.* at 5-6). In this email, he also indicated as follows: "I have already notified opposing counsel and the Court that I am addressing the citation issues." (*Id.* at 6). Because Top did not receive any ECF notification or email indicating that Mr. Feldman had in fact notified the Court, the undersigned wrote back to Mr. Feldman asking him for a copy of his correspondence with the Court. (*Id.* at 5). A cryptic reply from Mr. Feldman followed: "Opposing counsel and will inform the court. Thanks for catching that." (*Id.* at 4-5).

I, in turn, sought clarification. (*Id.* at 4). Mr. Feldman responded with two emails attacking me, again requesting that this office "review . . . [his] forthcoming corrected memorandum," and, somewhat incredibly, complaining that this office's insistence that he promptly contact the Court and advise it of his errors, is in some way motivated by a larger "agenda" on my part. (*Id.* at 1-3).

It is now June 26th — four days since my initial email — and Mr. Feldman has not contacted the Court and withdrawn his brief. At this point, we have little confidence that Mr. Feldman will do so in a timely manner. Accordingly, we are bringing this to the Court's attention pursuant to what we understand are our obligations under NY RPC 8.3(a), which states: "A lawyer who knows

---

[1] Affable's brief begins with a three page "Introduction," which is then followed by a "Preliminary Statement" that is largely duplicative of the prior section. (Affable Br. at 2-6 (page numbers are those in the ECF header because Affable's brief does not contain page numbers)).

Hon. Katherine Failla, U.S.D.J.
June 26, 2025
Page 3 of 3

that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer shall report such knowledge to a tribunal … to investigate or act upon such violation." And it appears clear to this office that the brief is a violation of NY RPC 3.3(a)(1) and likely NY RPC 8.4(a), (c)-(d), and (h).

      Finally, we wish to be clear with the Court that while Mr. Feldman has seen fit to attack this office for insisting that he act swiftly and with candor, we are not seeking sanctions. Naturally, we leave it to the Court to determine what the appropriate remedy should be under the circumstances.

      The Court's continued attention to this matter is appreciated.

Respectfully submitted,

Joel G. MacMull

cc:    All Counsel of Record (*via ECF*)