## Joel G. MacMull

| | |
|---|---|
| **From:** | Joel G. MacMull |
| **Sent:** | Thursday, June 26, 2025 2:58 PM |
| **To:** | Steven Feldman |
| **Cc:** | Brian M. Block; Litigation Department |
| **Subject:** | RE: 1:24-cv-09429-KPF Flycatcher Corp. Ltd. et al v. Affable Avenue LLC et al |

Mr. Feldman,

Clearly, continuing to engage with you in connection with this matter is not productive. Accordingly, we'll proceed as we deem appropriate.

**Joel G. MacMull** | **Partner**
Chair, Intellectual Property, Brand Management and Internet Law Practice
(973) 295-3652 | JMacmull@mblawfirm.com

**Mandelbaum Barrett PC**
www.mblawfirm.com

3 Becker Farm Road
Roseland, NJ 07068

570 Lexington Avenue, 21st Floor
New York, NY 10022

*This email and any attachments are intended solely for the recipient to whom it is addressed. It may also be an attorney-client communication, and as such is privileged and confidential. Any unauthorized review, use, disclosure or copying of this message is strictly prohibited. If you are not the intended recipient or have received this email in error, delete it immediately and notify the sender.*

---

**From:** Steven Feldman <steven@safesq.net>
**Sent:** Tuesday, June 24, 2025 7:06 PM
**To:** Joel G. MacMull <JMacmull@mblawfirm.com>
**Cc:** Brian M. Block <bblock@mblawfirm.com>; Litigation Department <litigation@safesq.net>
**Subject:** RE: 1:24-cv-09429-KPF Flycatcher Corp. Ltd. et al v. Affable Avenue LLC et al

> **[CAUTION: External Email]** Be wary of links and attachments. If the sender is unfamiliar or the content seems suspicious, do not engage. Report suspected fraud via the "Phish Alert Report" in Outlook.

Dear Mr. MacMull,

I Just came across your May 2023 article in the New York Law Journal, AI and Practicing Law: Potential Traps for the Unwary – which I did not read. Given the tone and posture of your emails in this matter, I believe it is necessary to clarify several points.

While I have not yet filed the corrected memorandum, I have already acknowledged the citation issues and communicated my intent to file a revised version in accordance with Rule 11 and Rule 3.3. I take these obligations seriously and am proceeding diligently to ensure the accuracy of the revised filing. My correspondence with you and opposing counsel reflects that. I reject any suggestion that I have acted evasively or without candor.

Your reference to the Court in the form of a rhetorical outburst—"I'm sorry, what?"—along with your refusal to engage collegially or constructively when I contacted you, raises legitimate concerns. Coupled with your authorship of a widely circulated article on the perils of AI use in legal practice, it appears, whether intended or not, that you are treating this situation less as a professional matter between co-defendants and more as an anecdotal example aligned with your public messaging.

To be clear, I do not believe this matter—involving an acknowledged and promptly corrected citation issue—bears any resemblance to the type of misconduct your article describes. I trust that you will refrain from using any aspect of this exchange in future writing, presentations, or discussions without consent, and that our co-defendant communications will continue to be treated as privileged and collaborative.

Should you have further substantive concerns once the corrected filing is submitted, I remain open to hearing them. But I respectfully ask that you avoid framing this matter as something it is not.

Sincerely,

Steven A. Feldman, Esq.
LAW OFFICE OF STEVEN A. FELDMAN & ASSOCIATES, PLLC
763 Dogwood Avenue
West Hempstead, NY 11552
516-500-8057   Main
516-535-9756   Direct
516-537-8357   Mobile
516-213-0245   Fax
steven@safesq.net
**CONFIDENTIAL COMMUNICATION**
**This message is being sent by or on behalf of a lawyer.  This message is covered by the Electronic Communication Privacy Act, 18 U.S.C. Sections 2510-2515, it is intended for the sole use of the intended recipient and may contain information, which is privileged, confidential, or otherwise legally exempt from disclosure.  If you received this message in error, please notify the sender immediately by replying to this e-mail, by telephone at 516-500-8057 and delete all copies of the message from your computer.**

**From:** Steven Feldman
**Sent:** Tuesday, June 24, 2025 6:40 PM
**To:** Joel G. MacMull <JMacmull@mblawfirm.com>
**Cc:** Brian M. Block <bblock@mblawfirm.com>; Litigation Department <litigation@safesq.net>
**Subject:** RE: 1:24-cv-09429-KPF Flycatcher Corp. Ltd. et al v. Affable Avenue LLC et al


Dear Mr. MacMull,

Thank you for your continued correspondence regarding the citations in my memorandum of law. As noted previously, I am preparing a corrected submission consistent with my obligations under Rule 11 of the Federal Rules of Civil Procedure and Rule 3.3 of the New York Rules of Professional Conduct.

2

That said, I must register concern with both the tone and timing of your communications. While I welcomed your outreach and accepted your invitation to speak, when I called your office in good faith, I was met not with collegial discussion but with outright discourtesy. You also declined to assist when you clearly had the means to do so—either by reviewing the draft memorandum I offered or sharing the list of citations you had already compiled—despite having demanded withdrawal of the motion and threatened to involve the Court.

Your approach—marked by threats, unilateral deadlines, and adversarial rhetoric—diverges from the norms of professionalism that typically govern relationships among co-defendants. To be clear, your client is not the subject of the motion at issue. Unless you believe your client's substantive rights are directly and adversely affected, I do not believe your demand for withdrawal or explanation is procedurally warranted, especially as you intended to "mee too" it without consulting me.

Unless you believe your client's substantive rights are directly and adversely affected, I do not believe your demand for withdrawal or explanation is procedurally warranted.

To the extent your communications are intended to pressure corrective action that I have already agreed to take, I would ask that you consider whether threats of judicial intervention—particularly where your client is not the subject of the motion—are appropriate or consistent with the obligations of professionalism and civility that govern our conduct as co-defendants.

I would also encourage you to revisit the New York Rules of Professional Conduct and the Standards of Civility adopted by the New York State Bar Association, particularly those addressing respect and courtesy among counsel. Attorneys have a continuing obligation to engage with one another in a civil and professional manner, regardless of the nature of the underlying dispute. The tone of your recent emails—both to me and to other counsel—as well as your conduct on our call, reflect a level of dismissiveness and incivility that falls below those standards. This is especially disappointing given that I interrupted time with my own family to respond promptly and professionally while, by your own prior note, you are currently on vacation. I trust you will give due consideration to these obligations going forward.

As to the citation concerns, I continue to welcome any clarifications you wish to offer. Should you be willing to reengage in a professional and constructive manner, I would appreciate your review of the forthcoming corrected memorandum and your indication as to whether any concerns remain.

Finally, I will note that to the extent our prior communications—including the exchange of draft material or strategy discussions—were shared in the spirit of co-defendant coordination, those discussions are protected by the common-interest privilege. Any disclosure or misuse of such communications in an adversarial context would not only undermine that privilege, but would raise serious questions about the propriety of further coordination. I trust this principle will be respected as we proceed.

I also note that Mr. Brian M. Block has been copied on all correspondence but has not offered any independent view. While his silence does not itself imply agreement, his continued inclusion suggests shared awareness. Should Mr. Block's position differ, or should he wish to clarify whether your views are jointly held, his input would be welcome.

I remain focused on completing the corrected filing and will notify all parties upon submission. Absent further substantive concerns, I do not intend to continue engaging in extended correspondence on this issue.

Sincerely,


Steven A. Feldman, Esq.
LAW OFFICE OF STEVEN A. FELDMAN & ASSOCIATES, PLLC
763 Dogwood Avenue

West Hempstead, NY 11552
516-500-8057   Main
516-535-9756   Direct
516-537-8357   Mobile
516-213-0245   Fax
steven@safesq.net

**CONFIDENTIAL COMMUNICATION**
**This message is being sent by or on behalf of a lawyer.  This message is covered by the Electronic Communication Privacy Act, 18 U.S.C. Sections 2510-2515, it is intended for the sole use of the intended recipient and may contain information, which is privileged, confidential, or otherwise legally exempt from disclosure.  If you received this message in error, please notify the sender immediately by replying to this e-mail, by telephone at 516-500-8057 and delete all copies of the message from your computer.**

**From:** Joel G. MacMull <JMacmull@mblawfirm.com>
**Sent:** Tuesday, June 24, 2025 5:58 PM
**To:** Steven Feldman <steven@safesq.net>
**Cc:** Brian M. Block <bblock@mblawfirm.com>; Litigation Department <litigation@safesq.net>
**Subject:** RE: 1:24-cv-09429-KPF Flycatcher Corp. Ltd. et al v. Affable Avenue LLC et al

I'm sorry, what? You have yet to alert the Court?


**Joel G. MacMull** | **Partner**
Chair, Intellectual Property, Brand Management and Internet Law Practice
(973) 295-3652 | JMacmull@mblawfirm.com

**Mandelbaum Barrett PC**
www.mblawfirm.com

3 Becker Farm Road
Roseland, NJ 07068

570 Lexington Avenue, 21st Floor
New York, NY 10022

*This email and any attachments are intended solely for the recipient to whom it is addressed. It may also be an attorney-client communication, and as such is privileged and confidential. Any unauthorized review, use, disclosure or copying of this message is strictly prohibited. If you are not the intended recipient or have received this email in error, delete it immediately and notify the sender.*


**From:** Steven Feldman <steven@safesq.net>
**Sent:** Tuesday, June 24, 2025 5:57 PM
**To:** Joel G. MacMull <JMacmull@mblawfirm.com>
**Cc:** Brian M. Block <bblock@mblawfirm.com>; Litigation Department <litigation@safesq.net>
**Subject:** Re: 1:24-cv-09429-KPF Flycatcher Corp. Ltd. et al v. Affable Avenue LLC et al

**[CAUTION: External Email]** Be wary of links and attachments. If the sender is unfamiliar or the content seems suspicious, do not engage. Report suspected fraud via the "Phish Alert Report" in Outlook.

Opposing counsel and will inform the court.

Thanks for catching that.


Get Outlook for Android

---

**From:** Joel G. MacMull <JMacmull@mblawfirm.com>
**Sent:** Tuesday, June 24, 2025 5:48:13 PM
**To:** Steven Feldman <steven@safesq.net>
**Cc:** Brian M. Block <bblock@mblawfirm.com>; Litigation Department <litigation@safesq.net>
**Subject:** RE: 1:24-cv-09429-KPF Flycatcher Corp. Ltd. et al v. Affable Avenue LLC et al

Steven,

You indicate below that you've contacted the Court. Kindly forward along to us your correspondence with the Court. There is, of course, no record of any document to date being filed with the Court.



**Joel G. MacMull** | **Partner**
Chair, Intellectual Property, Brand Management and Internet Law Practice
(973) 295-3652 | JMacmull@mblawfirm.com

**Mandelbaum Barrett PC**

www.mblawfirm.com

3 Becker Farm Road
Roseland, NJ 07068

570 Lexington Avenue, 21st Floor
New York, NY 10022

*This email and any attachments are intended solely for the recipient to whom it is addressed. It may also be an attorney-client communication, and as such is privileged and confidential. Any unauthorized review, use, disclosure or copying of this message is strictly prohibited. If you are not the intended recipient or have received this email in error, delete it immediately and notify the sender.*

---

**From:** Steven Feldman <steven@safesq.net>
**Sent:** Tuesday, June 24, 2025 5:09 PM
**To:** Joel G. MacMull <JMacmull@mblawfirm.com>
**Cc:** Brian M. Block <bblock@mblawfirm.com>; Litigation Department <litigation@safesq.net>
**Subject:** Re: 1:24-cv-09429-KPF Flycatcher Corp. Ltd. et al v. Affable Avenue LLC et al

> **[CAUTION: External Email]** Be wary of links and attachments. If the sender is unfamiliar or the content seems suspicious, do not engage. Report suspected fraud via the "Phish Alert Report" in Outlook.

Dear Mr. MacMull,

Thank you for your message regarding the citation issues in my recent filing and your request that I file a corrected version by 5:00 p.m. today.

I appreciate you bringing the citation concerns to my attention and want to assure you that I am taking them seriously. However, as you know, my professional obligations require that any corrected submission to the Court be thoroughly reviewed for accuracy and completeness. I do not believe it is in my client's interest—or consistent with my duty of candor to the Court—to rush a revised filing without adequate time for careful verification.

I have already notified opposing counsel and the Court that I am addressing the citation issues and will file a corrected memorandum as soon as possible. Opposing counsel has consented to a brief extension, and I am proceeding in good faith to ensure that the revised submission meets the highest standards of accuracy.

While I appreciate your vigilance, I must respectfully decline to adhere to the artificial deadline you have set. I will keep you informed as to the timing of the corrected filing and, as always, am open to collegial communication should you have any substantive concerns about the motion's content.

Thank you for your understanding.

Best regards,

Steven A. Feldman, Esq.
LAW OFFICE OF STEVEN A. FELDMAN & ASSOCIATES, PLLC
763 Dogwood Avenue
West Hempstead, NY 11552
516-500-8057   Main
516-535-9756   Direct
516-537-8357   Mobile
516-213-0245   Fax
steven@safesq.net

**CONFIDENTIAL COMMUNICATION**
**This message is being sent by or on behalf of a lawyer.  This message is covered by the Electronic Communication Privacy Act, 18 U.S.C. Sections 2510-2515, it is intended for the sole use of the intended recipient and may contain information, which is privileged, confidential, or otherwise legally exempt from disclosure.  If you received this message in error, please notify the sender immediately by replying to this e-mail, by telephone at 516-500-8057 and delete all copies of the message from your computer.**

---

**From:** Joel G. MacMull <JMacmull@mblawfirm.com>
**Sent:** Monday, June 23, 2025 5:12 PM
**To:** Steven Feldman <steven@safesq.net>
**Cc:** Brian M. Block <bblock@mblawfirm.com>; Litigation Department <litigation@safesq.net>
**Subject:** RE: 1:24-cv-09429-KPF Flycatcher Corp. Ltd. et al v. Affable Avenue LLC et al

Steven,

We confirm receipt of your email. As an initial matter, we note that your email does not indicate the date and time by which you intend to comply with our request that you withdraw your motion and memorandum. In the spirit of what we understand to be your intention to advise the Court of your conduct, we will provide you with an additional day — until **tomorrow at 5:00 p.m. (EDT)**  — to make the appropriate filings with the court withdrawing the motion as filed and providing a requisite explanation.

With regard to the other points raised in your email, we're not sure what you mean when you ask us to "share the list of results you compiled." We provided a list of problematic citations and quotations in our initial email which your email references. Second, we respectfully decline to "run the attached confidential draft" you provided, which we assume is a request for us to check your updated citations in a new version of your memorandum. Respectfully, it's not our burden to vet your brief to ensure the accuracy of your citations.

Naturally, if you would like to speak about this further, you're welcome to call me. Otherwise, we trust you'll make an appropriate filing with the Court tomorrow at or before 5 p.m.

All rights reserved.

**Joel G. MacMull** | **Partner**
Chair, Intellectual Property, Brand Management and Internet Law Practice
(973) 295-3652 | JMacmull@mblawfirm.com

**Mandelbaum Barrett PC**
www.mblawfirm.com

3 Becker Farm Road
Roseland, NJ 07068

570 Lexington Avenue, 21st Floor
New York, NY 10022

*This email and any attachments are intended solely for the recipient to whom it is addressed. It may also be an attorney-client communication, and as such is privileged and confidential. Any unauthorized review, use, disclosure or copying of this message is strictly prohibited. If you are not the intended recipient or have received this email in error, delete it immediately and notify the sender.*

---

**From:** Steven Feldman <steven@safesq.net>
**Sent:** Monday, June 23, 2025 2:30 PM
**To:** Joel G. MacMull <JMacmull@mblawfirm.com>; Steven Feldman <steven@safesq.net>
**Cc:** Brian M. Block <bblock@mblawfirm.com>; Litigation Department <litigation@safesq.net>
**Subject:** RE: 1:24-cv-09429-KPF Flycatcher Corp. Ltd. et al v. Affable Avenue LLC et al

> **[CAUTION: External Email]** Be wary of links and attachments. If the sender is unfamiliar or the content seems suspicious, do not engage. Report suspected fraud via the "Phish Alert Report" in Outlook.

Dear Mr. MacMull,

Thank you for your message regarding the memorandum of law filed in support of Affable Avenue LLC's motion to dismiss (ECF 156). I appreciate your attention to the accuracy of the record and your professional courtesy in raising these concerns directly.

Following your email, I conducted a comprehensive review of the memorandum, which contains just about sixty case citations. I am currently in the process of updating the filing to address the citation issues you identified and expect to submit a corrected version to the Court forthwith.

Many of the citations were drawn from a repository of many cases I've compiled, in connection with Amazon cases since I was first retained in this and similar matters, including older decisions that have shaped the legal framework relevant to the claims at issue. Some of these citations were originally gathered during my initial research in December 2024, when I had broader access to legal databases, including Casetext with CoCounsel. After Casetext was acquired by Thomson Reuters and integrated into Westlaw, I discontinued my subscription due to the prohibitive cost of maintaining access. As a result, I

was—and remain—unable to verify certain citations that appeared in Casetext searches or Westlaw-only formats, particularly during final revisions.

In preparing the memorandum, I also used public search engines and internal tools—such as Vlex, which is provided through the bar association and includes some AI functionality—to assist with citation formatting and cross-checking. However, these tools do not verify Westlaw citations and did not flag the inaccuracies. In some instances, I accepted suggested citation formats or assumed that references matched cases in my repository, without realizing they were incorrect. I regret that these errors were not caught earlier.

To address this, I will be replacing those citations with alternative authorities or using source citations from PACER or other publicly available published sources. If you are able to share the list of results you compiled, I would welcome the opportunity to cross-reference them to ensure accuracy.

If you can please run the attached confidential draft which I believe will correct the issues identified I would greatly appreciate it. I will be reaching out to opposing counsel as well.

Please let me know if you have any further questions or would like to discuss the matter further.

Sincerely,

Steven A. Feldman, Esq.
LAW OFFICE OF STEVEN A. FELDMAN & ASSOCIATES, PLLC
763 Dogwood Avenue
West Hempstead, NY 11552
516-500-8057   Main
516-535-9756   Direct
516-537-8357   Mobile
516-213-0245   Fax
steven@safesq.net

**CONFIDENTIAL COMMUNICATION**
**This message is being sent by or on behalf of a lawyer.  This message is covered by the Electronic Communication Privacy Act, 18 U.S.C. Sections 2510-2515, it is intended for the sole use of the intended recipient and may contain information, which is privileged, confidential, or otherwise legally exempt from disclosure.  If you received this message in error, please notify the sender immediately by replying to this e-mail, by telephone at 516-500-8057 and delete all copies of the message from your computer.**

---

**From:** Joel G. MacMull <JMacmull@mblawfirm.com>
**Sent:** Sunday, June 22, 2025 5:53 PM
**To:** steven@safesq.com; 2540925420@filings.docketbird.com; msnsaf@hotmail.com; safesq@ecf.courtdrive.com
**Cc:** Brian M. Block <bblock@mblawfirm.com>
**Subject:** 1:24-cv-09429-KPF Flycatcher Corp. Ltd. et al v. Affable Avenue LLC et al
**Importance:** High

Steven,

We have reviewed the memorandum of law that you filed with the Court in support of your client's motion to dismiss (ECF 156). In the course of our review, we have identified at least fourteen case citations to cases that, based on our analysis, do not exist. We've also identified at least eight quotations in your memorandum of law that you attribute to cases that, while they do exist, do not contain the text that you quote. The list of both categories of cases are set forth below for your reference.

In view of our findings, we ask that you supply us with the cases on which you rely in your memorandum that are identified below. As you can infer from this email, we are doubtful that such cases actually exist. Should you be unwilling or unable to provide us with the authorities identified below by the close of business tomorrow, we intend to contact the Court.

As we imagine you must know, the advancement of artificial intelligence tools like ChatGPT, has given rise to unethical practices by lawyers such as those that were outlined in *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 459-66 (S.D.N.Y. 2023) (sanctioning lawyers who filed opposition papers that included non-existent judicial opinions with fake quotes and fake citations created by artificial intelligence tool). As the Second Circuit recognized last year, an attempt to persuade a court or oppose an adversary by relying on "non-existent precedent generated by ChatGPT" is an "'abuse of the adversary system.'" *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (quoting Mata, 678 F. Supp. 3d at 461).

Before we approach the Court about this, however, we are giving you until **Monday, June 23 at 5:00 p.m. (EDT)** to file a letter with the Court wherein you (1) voluntarily withdraw your motion and memorandum of law, and (2) explain in sufficient detail the reasons why you are withdrawing them is because your memorandum of law contained a substantial number of non-existent case citations and quotations. If you do not file the requisite letter on the docket by tomorrow at 5:00 p.m., we will be compelled to file a letter bringing this matter to the Court's attention pursuant to our ethical obligations. We further reserve the right to contact the Court if we determine in our sole estimation that your letter is insufficient in lieu of our ethical obligations.

Please know that we do not embark upon this course lightly. But our obligations under NY RPC §§ 3.3, 8.3, and 8.4 compel us to raise these issues with you and, if necessary, report our observations to the Court. You can be sure that if we've noticed the deficiencies with your citations, it will only be a matter of time before plaintiff's counsel and the Court realize the same.

We trust that you'll give prompt attention to this unfortunate situation.

Citations to cases that do not exist

- Poly-America LP v. API Indus., Inc., 2020 WL 5642324 (EDNY Sept. 22, 2020)
- Storm Mfg Grp, Inc. v. Weather Tec Corp., 2023 WL 2761866 (SDNY Mar. 31, 2023)
- Doe v. Cuomo, 43 F. Supp. 3d 282 (SDNY 2014)
- Vitacost.com Inc. v. Gaia Herbs, Inc., 2019 WL 4736933 (SD Fla Aug 27, 2019)
- S'well Bottle LLC v. Retail & Wholesale Stores, 2017 WL 1371188 (SDNY Apr. 11, 2017)
- Joao v. Sleepy's Inc., 2015 WL 3516971 (SDNY June 5, 2015)
- In re Amazon.com, Inc. Marketplace Seller Litig., 2022 WL 4133333 (WD Wash Sept. 12, 2022)
- Kapes v. Amazon.com, Inc., No. 17-4218, 2018 WL 3008535 (CD Cal Apr. 2, 2018)
- Tucker v. Wyeth, Inc., 2012 WL 3245495 (SDNY Aug. 6, 2012)
- SDC Fin. LLC v. Bremer, 2022 WL 15523228 (SDNY Oct. 27, 2022)
  - A case with this name exists at SDC Fin., LLC v. Bremer, 2019 WL 4393543 (M.D. Tenn. Sept. 13, 2019)
- Salinger v. Colting, 607 F Supp 2d 684 SDNY 2009)

- o A case with this name exists but at 641 F Supp 2d 250 (SDNY 2009) and was *vacated* by 607 F.3d 68 (2d Cir 2010)
    - NFL Management Council v. NFL Players Association, Case No. 15 Civ. 3168 (KPF) (SDNY Oct. 30, 2017)
- o A case with this name exists and was filed on the same date at Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n, 296 F. Supp. 3d 614 (S.D.N.Y. 2017), which is Case No. 17 Civ. 6761
    - Zuppardi's Apizza, Inc. v. Tony Zuppardi's Apizza, LLC, 2014 WL 4635877 (D Conn Sept. 16, 2014)
- o A case with the same name exists but at Zuppardi's Apizza, Inc. v. Tony Zuppardi's Apizza, LLC, 2014 WL 4841085 (D Con. Sept. 29, 2014)

Cases that are real but that do not contain the quotes in the memorandum of law attributed to them:

> Matrix Essentials Inc. v. Emporium Drug Mart, Inc. 988 F.2d 587 (5th Cir. 1993)
> Sebastian Intl, Inc. v. Longs Drug Stores Corp., 53 F.3d 1073 (9th Cir. 1995)
> Star Indus., Inc. v. Bacardi & CO., 412 F3d 373 (2d Cir 2005)
> Malaco Leaf, AB v. Promotion In Motion, Inc., 287 F. Supp. 2d 355 (S.D.N.Y. 2003)
> 1-800 Contacts, Inc. v. WhenU.Com, Inc., 414 F.3d 400 (2d Cir. 2005)
> The Sports Auth., Inc. v. Prime Hosp. Corp., 89 F.3d 955 (2d Cir. 1996)
> GTFM, Inc. v. Solid Clothing, Inc., 215 F. Supp. 2d 273 (S.D.N.Y. 2002)
> Ferring B.V. v. Allergan, Inc., 4 F. Supp. 3d 612 (S.D.N.Y. 2014)

- o The quote is also attributed to Judge Failla who was not the author of the decision. Judge Sweet was the author.

**Joel G. MacMull** | **Partner**
Chair, Intellectual Property, Brand Management and Internet Law Practice
(973) 295-3652 | JMacmull@mblawfirm.com

**Mandelbaum Barrett PC**
www.mblawfirm.com

3 Becker Farm Road
Roseland, NJ 07068

570 Lexington Avenue, 21st Floor
New York, NY 10022

*This email and any attachments are intended solely for the recipient to whom it is addressed. It may also be an attorney-client communication, and as such is privileged and confidential. Any unauthorized review, use, disclosure or copying of this message is strictly prohibited. If you are not the intended recipient or have received this email in error, delete it immediately and notify the sender.*

Links contained in this email have been replaced for YOUR security. If you click on a link in the email above, the link will be analyzed for known threats.

Links contained in this email have been replaced for YOUR security. If you click on a link in the email above, the link will be analyzed for known threats.

Links contained in this email have been replaced for YOUR security. If you click on a link in the email above, the link will be analyzed for known threats.

Links contained in this email have been replaced for YOUR security. If you click on a link in the email above, the link will be analyzed for known threats.