# LAW OFFICE OF STEVEN A. FELDMAN & ASSOCIATES, PLLC

763 DOGWOOD AVENUE
WEST HEMPSTEAD, NY 11552
TEL: 516-500-8057 FAX: 516-213-0245
STEVEN@SAFESQ.NET

July 14, 2025

**Via ECF & Electronic Mail**
HONORABLE KATHERINE POLK FAILLA
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 618
New York, NY 10007

Re:  *Flycatcher Corp. Ltd. et al v. Affable Avenue LLC et al,*
     Case. 1:24-cv-09429-KPF

Dear Honorable Katherine Polk Failla:

We write in response to the July 11, 2025 letter (ECF 165) from Plaintiffs ("Flycatcher"), counsel Tal S. Benschar, Esq. which opposes Defendant Affable Avenue LLC's request (ECF 164) *inter alia* to file corrected briefing and supporting materials *inter-alia* in connection with its motion to dismiss and compel arbitration, now heightened by the recent events which bring factual matters implied in the complaint, to the fore, in the current dealings with Amazon, which are a direct result of the factual matter presented in the complaint, which wish to arbitrate fully with amazon and flycatcher, and alternatively have dismissed as against those it has failed to meet the pleading standards, heightened in light of the specific allegations of criminal and illicit conduct stolen goods and NY penal law 165.66, etc., upon which it basis its causes of actions with *specificity*, as it must.

A.  Issues related to Arbitration

While we do not dispute that Rule 12(b)(6) motions are typically confined to the pleadings, Flycatcher's assertion that our submission of factual material is "entirely improper" is fundamentally incorrect because it ignores the central purpose of our motion to dismiss and to compel arbitration, which implicates (a) "gateway" issues and (b) "procedural issues" already i.e. being addressed in the amazon forum (now based on the recent correspondence from amazon) such as taking down an account for "stolen goods".

Accordingly, while Rule 12(b)(6) motions are typically confined to the pleadings, a motion to compel arbitration is different where, on such a motion, the Court must apply a standard similar to summary judgment and may consider extrinsic evidence to determine if an agreement to arbitrate exists. *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003). under the Federal Arbitration Act ("FAA"), where court apply a summary judgment-like standard and may consider "all relevant, admissible evidence" to determine arbitrability[1]. Such a motion expressly permits submission of

---

[1] *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003):

> In the context of motions to compel arbitration brought under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4 (2000), the court applies a standard similar to that applicable for a motion for summary judgment. Par-Knit Mills v. Stockbridge Fabrics Co., 636 F.2d 51, 54 n. 9 (3d Cir.1980); Doctor's Associates v. Distajo, 944 F.Supp. 1010, 1014 (D.Conn.1996), aff'd, 107 F.3d 126 (2d Cir.1997).



LAW OFFICE OF STEVEN A. FELDMAN & ASSOCIATES, PLLC

HONORABLE KATHERINE POLK FAILLA                                    Monday, July 14, 2025
United States District Court
*Flycatcher Corp. Ltd. et al v. Affable Avenue LLC et al*
*Docket Number: 1:24-cv-09429-KPF*

---

declarations, agreements, and platform records to determine arbitrability. See *Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 393 (2d Cir. 2011); *Picha v. Gemini Tr. Co.*, No. 22 Civ. 10922 (S.D.N.Y. Mar. 5, 2024). Such a motion expressly permits the submission of declarations, agreements, and platform records to determine arbitrability. *See Salameno v. Gogo Inc.*, 16-CV-0487 (E.D.N.Y. Jul. 25, 2016)[2]. The declaration and supporting materials we seek to file establish the existence, scope, and applicability of the complaint, by flycatcher, and following dispute resolution process, under the same BSA and use of the Amazon Forum is not only proper but required.

    B.   Subject matter Integral to Plaintiffs' Complaint and sufficiency of the pleadings.

Even if this were a standard motion to dismiss, the Court could properly consider the extrinsic documents, both the (i) BSA and (ii) Amazon sales related Data.

First, concerning the Amazon processes, implicated by the platform. While the Third Amended Complaint ("TAC") omits explicit reference to the Amazon Business Solutions Agreement ("BSA"), its allegations regarding ASIN sales, Buy Box control, pricing visibility, and enforcement procedures are governed exclusively by the BSA's platform rules, bringing the dispute within its arbitration clause. It also forms an essential element of the sufficiency of the allegations which, accepted when even if in-artfully pleaded, must meet the pleading standards, which as here, they are relied heavily upon it becomes "integral" to the complaint and may be considered on a motion to dismiss. See, *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). The BSA is precisely the type of "legal document containing obligations upon which the plaintiff's complaint stands or falls." See *Id.* at 560. Courts routinely consider such integral documents where factual allegations arise from platform contracts, regardless of whether the complaint explicitly references the agreement. *See Nicosia v. Amazon.com, Inc.*, 84 F.Supp.3d 142, 148 (E.D.N.Y. 2015)[3].

Plaintiff's conclusory complaint allegations such as factual harm based on sales of ASIN B08TCD1RTK and Buy Box suppression (TAC ¶¶ 48, 60–64, 67), are integral to the complaint, and

---

[2] *Salameno v. Gogo Inc.*, 16-CV-0487 (E.D.N.Y. Jul. 25, 2016):

> "the materials Gogo submitted are integral to plaintiffs' claims. Generally, on a motion to dismiss for failure to state a claim, a court may consider only the factual allegations in the complaint, evidence attached to or incorporated by reference in the complaint, judicially noticeable matters, and documents in a plaintiff's possession or of which a plaintiff had knowledge and relied on in bringing suit."

[3] Nicosia v. Amazon.com, Inc., 84 F.Supp.3d 142, 148 (E.D. N.Y. 2015):

> …"[w]hen a document is integral to the complaint, a plaintiff is on notice that it might be considered by the court in a motion to dismiss," and plaintiff cannot avoid consideration of the integral document by choosing not to attach it to the complaint); see also Cole v. Pearson Educ., Inc., No. 10 CIV. 7523 JFK RLE, 2011 WL 4483760, at *1 (S.D.N.Y. Sept. 28, 2011). No other "materials that are unattached or unincorporated to the complaint nor unsupported factual allegations in legal memoranda, will be considered." Citadel Mgmt., Inc. v. Telesis Trust, Inc., 123 F.Supp.2d 133, 147 (S.D.N.Y.2000).



LAW OFFICE OF STEVEN A. FELDMAN & ASSOCIATES, PLLC

HONORABLE KATHERINE POLK FAILLA                                              Monday, July 14, 2025
United States District Court
*Flycatcher Corp. Ltd. et al v. Affable Avenue LLC et al*
*Docket Number: 1:24-cv-09429-KPF*

---

we are entitled to offer objective Amazon-derived sales data, including Buy Box history and pricing reports, to contextualize and rebut those claims. Moreover, Plaintiff's conclusory allegations of stolen goods, violation of NY Penal Law etc. related to trademark infringement claims (of the palming off type) and also based in fraud and criminal conduct as a basis for factual harms and counts in the complaint, are perfectly appropriate for consideration by this court. Second Circuit caselaw permits a court to consider materials outside the pleadings on a Rule 12(b)(6) motion when the allegations necessarily rely on such external, integral documents or are demonstrably contradicted by official platform records and rely on platform sales data and metrics, courts may consider such integral documents on motions to dismiss. See *Goel v. Bunge, Ltd.,* 820 F.3d 554, 559 (2d Cir. 2016); *YCF Trading Inc. v. Skullcandy, Inc.*, No. 24-CV-02540 FN 5 (MKB) (E.D.N.Y. Mar. 27, 2025).[4] (reviewing a defendants Amazon Reports as integral to plaintiff's claims).

We respectfully request that the Court grant leave to file the supplemental motion and accompanying documents. Resolving the threshold question of arbitrability at this stage serves the interests of judicial economy. Deferring this question would invite precisely the kind of duplicative proceedings and wasted resources the FAA is designed to prevent. *See Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) ("…[J]oin[ing] those Circuits that consider a stay of proceedings necessary after all claims have been referred to arbitration and a stay requested"). Leave to file a corrected briefing and supporting materials addresses dispositive threshold issues based on a complete record is appropriate and will adequately address the factual issues specific to Affable, and perhaps to others as well, without prejudicing Plaintiffs, who have already obtained preliminary relief via Amazon.

Thank you in advance for this consideration.

Respectfully Submitted,

*Steven A. Feldman, ESQ.*
*Counsel for defendant Affable Avenue LLC*

cc:     All Counsel via ECF

---

[4] *YCF Trading Inc. v. Skullcandy, Inc.*, No. 24-CV-02540 fn 5 (MKB) (E.D.N.Y. Mar. 27, 2025):

> …On a motion to dismiss, "the district court is normally required to look only to the allegations on the face of the complaint" but "may consider documents that `are attached to the complaint,' `incorporated in it by reference,' `integral' to the complaint, or the proper subject of judicial notice." United States v. Strock, 982 F.3d 51, 63 (2d Cir. 2020) (quoting Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007)); see Nicosia v. Amazon.com, Inc., 834 F.3d 220, 230-31 (2d Cir. 2016) (holding that courts may consider on a motion to dismiss "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference" and other documents "integral" to the complaint (first quoting Chambers v. Time Warner Inc., 282 F.3d 147, 152 (2d Cir. 2002); and then quoting DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010)
> 
> ….The Court therefore considers Skullcandy's copies of the Amazon Reports as integral to the Complaint.

