# LAW OFFICE OF STEVEN A. FELDMAN & ASSOCIATES, PLLC

763 DOGWOOD AVENUE
WEST HEMPSTEAD, NY 11552
TEL: 516-500-8057 FAX: 516-213-0245
STEVEN@SAFESQ.NET

August 8, 2025

**Via ECF & EMAIL**
HONORABLE KATHERINE POLK FAILLA
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 618
New York, NY 10007

Re: *Flycatcher Corp. Ltd. et al v. Affable Avenue LLC et al, 1:24-cv-09429-KPF*
*LETTER-MOTION seeking consideration of Affable Avenue LLC's -*
*Reply Memorandum of Law in Support of Motion to Dismiss the Third Amended Complaint*

Dear Judge Failla,

We represent Defendant Affable Avenue LLC ("Affable") in the above-referenced matter and submit this letter in connection with Affable's reply memorandum of law in support of its motion to dismiss the Third Amended Complaint ("TAC"). Pursuant to the Court's July 18, 2025 Order (ECF 169), Affable's motion (ECF 155–156) is being held in abeyance pending the August 15, 2025 conference, at which the Court will address whether to strike the brief or impose sanctions. Accordingly, Defendant Affable Avenue LLC ("Affable") respectfully moves the Court to consider its reply memorandum of law in support of its motion to dismiss the Third Amended Complaint ("TAC").

This reply is limited to arguments in Plaintiffs' opposition (ECF 167) that respond to Affable's motion and, to the extent consistent with Affable's interests, aligns with co-defendant Top Experience Company LLC's motion (ECF 151). Affable reserves its rights to address other arguments in its motion and prior letters (ECF 164, 166). This reservation excludes the precluded arbitration issue, given the uncertainty as to whether the Court will permit amendment or withdrawal with leave to refile.

Plaintiffs' opposition fails to cure the TAC's defects. It relies on impermissible group pleading by lumping Affable together with the "Merchant Defendants" and fails to allege any Affable-specific conduct, thereby depriving Affable of fair notice as established under controlling Second Circuit precedent (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The TAC's Lanham Act claims (Counts I–II) allege consumer confusion without identifying any Affable-specific listings, sales, or consumer interactions, and these omissions constitute legal insufficiencies under the Lanham Act's first sale and material difference doctrines. The "Buy Box" theory attributes any alleged harm to Amazon's platform rather than to Affable. The "not genuine" theories (first-sale and warranty) do not allege any Affable-specific alteration of goods or misleading statements. The GBL § 349 claim (Count IV) fails to plead the consumer-oriented deception element required under that statute, and the Penal Law § 165.66 claim (Count V) is not actionable by private parties.



LAW OFFICE OF STEVEN A. FELDMAN & ASSOCIATES, PLLC

HONORABLE KATHERINE POLK FAILLA
United States District Court
*Flycatcher Corp. Ltd. et al v. Affable Avenue LLC et al*
*Docket Number: 1:24-cv-09429-KPF*

Friday, August 8, 2025

    Assuming Arguendo, Plaintiff's met their burden under Rule 8, Plaintiff Memorandum of law double's down on the claims the averring fraud. The Memorandum of Law in Opposition (ECF No. 167) relies heavily on averments of fraud and deception to support specific counts that must therefore satisfy the heightened pleading standard of Rule 9(b). See Pls.' Opp'n at 14–15 ECF No. 167. As such any remaining claims averiing fraud under the Lanham Act (Counts I and II), New York General Business Law § 349 (Count IV), and New York Penal Law § 165.66 (Count V).

    For the reasons set forth herein and in Affable's accompanying reply memorandum of law, and given Plaintiffs' continued reliance on group pleading and conclusory allegations that fail to satisfy Rule 8(a) or the heightened standards where applicable to the averments of fraud in the TAC should be dismissed with prejudice.

Respectfully Submitted,

_____
STEVEN A. FELDMAN, ESQ.

