UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
FLYCATCHER CORP. LTD. AND
FLYCATCHER TOYS, INC.,

                CIVIL ACTION NO.: 24-9429 (KPF)

        Plaintiffs,

-against-

AFFABLE AVENUE LLC D/B/A CJ DIS, OZMOS
COMPANY LLC, EYTAN GROSSMAN D/B/A
EYG DEALS, CREATIVE REWARDS INC.,
JOSHUA CHAVEZ D/B/A ONESTOPFASTSHOP,
TOP EXPERIENCE COMPAY LLC D/B/A WE
PAY COST LLC, PRETTY PRINCESS LLC D/B/A
NORVI, AYANEE LLC, FORTUNA KG LLC
D/B/A FORTUNAKG, JAXSON MANAGEMENT
LLC, JOAN ALEXANDER SORIANO D/B/A
PRIMECHOICEMART, A WAHABI
CORPORATION D/B/A MCPROFITS, MODA
ORIGINAL LLC, S&N GLOBAL SUPPLY INC.,
SAM SHAMLOO, EYAD WAHBY, VALLEY
BODEGA WHOLESALE INC., VALUE VALLEY
WHOLESALE LLC, ADAM HAMIDA AND
JOHN DOES 1 TO 25,
        Defendants.
-----------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW

Law Office of Steven A. Feldman & Associates, PLLC
*Attorneys for Affable Avenue LLC*
763 Dogwood Avenue
West Hempstead, New York 115522
Telephone: (516) 537-8357
steven@safesq.net

PRELIMINARY STATEMENT ................................................................................................. 5

ARGUMENT .................................................................................................................................. 6

**POINT I: THE TAC FAILS TO SATISFY RULE 8 DUE TO IMPERMISSIBLE GROUP PLEADING** ................................................................................................................................. 6

**POINT II: THE TAC FAILS TO ALLEGE A LIKELIHOOD OF CONFUSION UNDER THE LANHAM ACT** ............................................................................................................................ 9

**POINT III: THE TAC FAILS TO ALLEGE THAT THE GOODS SOLD BY AFFABLE WERE NOT GENUINE OR MATERIALLY DIFFERENT** ................................................................... 10

**POINT IV: THE STATE LAW CLAIMS FAIL** ....................................................................... 11

A. The GBL § 349 Claim Fails .................................................................................................... 11

B. There Is No Private Right of Action Under Penal Law § 165.66 ........................................... 12

CONCLUSION .............................................................................................................................. 13

## Table of Authorities

**Cases**

*Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 402 (S.D.N.Y. 2012) ............................ 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................................ 8, 9

*Atuahene v. City of Hartford*, 10 Fed. Appx. 33 (2d Cir. 2001) ............................................................ 5, 6

*Bauman v. Mount Sinai Hosp.*, 452 F. Supp. 2d 490, 503 (S.D.N.Y. 2006) ............................................. 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ..................................................................... 9

*Canon U.S.A., Inc. v. F & E Trading LLC*, 2:15-cv-6015 (DRH)(AYS), Doc. 81 (E.D.N.Y. Sep 29, 2017) ............................................................................................................................................... 6

*Christian v. Town of Riga*, 649 F. Supp. 2d 84, 91 (W.D.N.Y. 2009) ..................................................... 11

*Ferro v. Ry. Express Agency, Inc.,* 296 F.2d 847 (2d Cir.1961) ............................................................... 5

*Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003) ........................ 11

*Himmelstein v. Comcast of the D.C., LLC*, 908 F.3d 49 (D.C. Cir. 2018), aff'g 44 F. Supp. 3d 1 (D.D.C. 2012) .............................................................................................................................. 10

*Matrix Essentials, Inc. v. Emporium Drug Mart, Inc.*, 988 F.2d 587, 590-91 (5th Cir. 1993) ................. 10

*Missel v. Cnty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009) ........................................................... 8

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, 12 Civ. 2837 (KBF) Doc. 48 at 12 (S.D.N.Y. Dec 03, 2012) aff'd 530 F. App'x 19 (2d Cir. 2013) ............................................................. 5

*Ortiz v. Ciox Health LLC*, 37 N.Y.3d 353, 360 (2021) ............................................................................ 11

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 623 N.Y.S.2d 529, 85 N.Y.2d 20, 647 N.E.2d 741 (N.Y. 1995) ............................................................................................. 10

*Patterson v. Patterson*, No. 1:16-cv-00844-EAW-HKS, ECF No. 29 (W.D.N.Y. Mar. 20, 2019) ......... 11

*Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073, 1076-77 (9th Cir. 1995) ...................... 10

*Sheehy v. Big Flats Cmty. Day, Inc.*, 73 N.Y.2d 629 (1989), 543 N.Y.S.2d 18, 541 N.E.2d 18 (1989) .. 11

*Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ..................................................... 8

*Streetwise Maps, Inc. v. VanDam, Inc.,* 159 F.3d 739, 743 (2d Cir.1998) ................................................ 9

*Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 112 (2d Cir. 2010) ................................................................ 9

*United States ex rel. Piacentile v. Amagen, Inc.*, 336 F. Supp. 3d 119, 131 (E.D.N.Y. 2018) .................. 8

*Williams v. Rosenblatt Sec. Inc.*, 136 F. Supp. 3d 593, 609 (S.D.N.Y. 2015) ............................................ 8

*Wood ex rel. United States v. Applied Research Assocs., Inc.*, 328 F. App'x 744, 747 (2d Cir. 2009) ...... 8

**Statutes**

Federal Rule of Civil Procedure 9(b) ................................................................................................... 7

*Lanham Act* (Trademark Act of 1946), 15 U.S.C. §§ 1051–1141n (2018) ........................................ 6, 7, 9

*Medina v. Bauer*, No. 02 Civ. 8837 (DC) (S.D.N.Y.), ECF No. 10 (Jan. 27, 2004) .............................. 5, 6

New York General Business Law § 349 ............................................................................................. 6, 10

Rule 8 ................................................................................................................................................... 6

## PRELIMINARY STATEMENT

Defendant Affable Avenue LLC ("Affable") respectfully submits this reply memorandum in further support of dismissal of the Plaintiffs, Flycatcher Corp. Ltd. and Flycatcher Toys Inc.'s (collectively, "Flycatcher") Third Amended Complaint ("TAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Given the Court's July 18, 2025 Order (ECF 169) denying Affable's request to file a corrected brief and supplemental materials in support of its motion to dismiss, and reserving decision on whether to strike Affable's June 20, 2025 brief (ECF 156) and impose sanctions, this reply is limited to arguments addressed in Flycatcher's opposition brief (ECF 167) that align with the positions advanced by co-defendant Top Experience Company LLC ("Top") in its motion to dismiss (ECF 151) and reply, to the extent such positions are consistent with Affable's interests. This reply also addresses arguments in Flycatcher's opposition that respond to issues raised in Affable's original motion, as those matters have been engaged by Flycatcher. Affable respectfully reserves its rights to address the additional arguments raised in its original motion and in counsel's letters to the Court (ECF 164, 166), with the exception of the arbitration issue, which the Court has already precluded. Affable adopts and incorporates Top's arguments in its reply to the extent they are consistent with Affable's positions and supplements them as necessary below.

Flycatcher's opposition fails to cure the TAC's fundamental deficiencies, including pervasive group pleading that deprives Affable of fair notice, conclusory assertions of likelihood of confusion unsupported by specific facts, unavailing theories of material differences in the goods, and state law claims that either lack consumer orientation or a private right of action. Despite multiple amendments, the TAC remains a shotgun pleading that lumps defendants together without distinguishing their conduct, in violation of Rules 8 and 12(b)(6). The Court should dismiss the TAC with prejudice.

# ARGUMENT

## POINT I: THE TAC FAILS TO SATISFY RULE 8 DUE TO IMPERMISSIBLE GROUP PLEADING

Flycatcher's opposition does not remedy the TAC's pervasive group pleading, which lumps Affable with numerous co-defendants under broad labels like "Merchant Defendants" without alleging specific conduct attributable to Affable. (TAC ¶¶ 28-30, 55-56). Flycatcher asserts that such grouping provides "fair notice" under Rule 8(a), relying on *Atuahene v. City of Hartford*, 10 Fed. Appx. 33 (2d Cir. 2001) and contending that the TAC "divides the defendants into three groups" and "makes clear what the Merchant Defendants are accused of." (Opp. at 8-11). This argument misapplies the law and ignores the TAC's defects.

It is undisputed that, Rule 8 requires a complaint to provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Atuahene*, 10 Fed. Appx. at 34; see also, *Ferro v. Ry. Express Agency, Inc.,* 296 F.2d 847 (2d Cir.1961). Lumping defendants together without distinguishing their conduct fails this standard. *Atuahene*; see also *Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, 12 Civ. 2837 (KBF) Doc. 48 at 12 (S.D.N.Y. Dec 03, 2012) aff'd 530 F. App'x 19 (2d Cir. 2013)[1] (dismissing claims where complaint used collective references to "defendants" without specific allegations); see also, *Medina v. Bauer*, No. 02 Civ. 8837 (DC) (S.D.N.Y.), ECF No. 10 (Jan. 27, 2004)

---

[1] The west law citation provided is placed here due to common convention but as it is not available in other reporters but available on pacer same is included with the proprietary Westlaw ALWD citation format *Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12-CV-2837 (KBF), 2012 WL 6082387, at *6-7 (S.D.N.Y. Dec. 3, 2012), aff'd,530 Fed. App'x 19 (2d Cir. 2013). A copy of which was provided to me by a colleague with access to Westlaw. I will however endeavor to include the ECF document number on Pacer for proper reference, this is not indicated in Westlaw citations, and in at least once instance in the briefs Westlaw Cases cited do not appear on Pacer, for independent verification, even with the date of the order Westlaw ascribed to it.

(Chin, J.)[2]("at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." [emphasis added] [internal quotation marks omitted]). Flycatcher's reliance on a matter in which its counsel appeared, *Canon U.S.A., Inc. v. F & E Trading LLC*, 2:15-cv-6015 (DRH)(AYS), Doc. 81 (E.D.N.Y. Sep 29, 2017) is similarly unavailing, as that case involved group allegations paired with defendant-specific facts as the defendants were alleged to be "similarly situated companies" with "a common principal"—precisely what is missing here. See, *Id*.

The TAC's generalized assertions that "the Merchant Defendants have advertised the product on Amazon" using "the exact same listing" (TAC ¶ 55) provide no details on Affable's specific listings, sales, or representations. This is classic impermissible lumping, depriving Affable of notice of the "who, what, when, where, and how" of the claims against it. Notably, Affable's non-Buy Box status, further underscores that its offers were not the default view for consumers, negating any plausible link to the alleged harms. Flycatcher's opposition offers no rebuttal to these points, confirming the TAC's failure under Rule 8.

Even assuming arguendo that Rule 8(a) governs certain portions of the Third Amended Complaint, Plaintiffs' own Memorandum of Law in Opposition (ECF No. 167) relies heavily on averments of fraud and deception to support specific counts that must therefore satisfy the heightened pleading standard of Rule 9(b). Plaintiffs argue that Defendants trafficked in stolen goods, misrepresented product origin and condition, and falsely advertised warranty coverage — conduct they attribute to violations of the Lanham Act[3] (Counts I and II), New York General Business Law § 349 (Count IV), and New York Penal Law §

---

[2] *Medina* is an unreported memorandum decision that is available on Westlaw but not on PACER; the citation is to the Westlaw slip opinion. See Docket, *Medina v. Bauer*, No. 02 Civ. 8837 (DC) (S.D.N.Y.), ECF No. 10 (Jan. 27, 2004). For a publicly accessible articulation of the same Rule 8 principle, see *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) cited herein.

[3] *Lanham Act* (Trademark Act of 1946), 15 U.S.C. §§ 1051–1141n (2018)

165.66 (Count V). See Pls.' Opp'n at 14–15, ECF No. 167; see also TAC ¶¶ 1, 48–50, 70, 78, 101, ECF No. 158. These allegations are not incidental; they form the factual backbone of Plaintiffs' claims and are repeatedly framed as intentional misrepresentations. Because Plaintiffs invoke deception to establish liability under these counts, Rule 9(b) applies, and their failure to plead with particularity warrants dismissal.

To wit, Plaintiffs' Memorandum of Law in Opposition (ECF No. 167) unmistakably frames its claims in terms of deception, misrepresentation, and bad faith conduct, thereby implicating the heightened pleading standard of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"). Although Plaintiffs nominally invoke the Lanham Act and state unfair competition statutes, their opposition brief repeatedly asserts that Defendants trafficked in stolen goods, misrepresented product origin and condition, and falsely advertised warranty coverage. See Pls.' Opp'n at 14–15, ECF No. 167. These allegations are not peripheral; they are central to Plaintiffs' theory of liability and mirror the Third Amended Complaint's averments that Defendants "acquired goods through fraud and theft," sold "inferior and materially different" products, and affirmatively misled consumers. See TAC ¶¶ 1, 48–50, 70, 78, 101, ECF No. 158. Because Plaintiffs' claims are grounded in fraud, Rule 9(b) applies, and their failure to plead with particularity warrants dismissal.

Rule 9(b) mandates that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." See Rule 9(b). This stringent standard requires a plaintiff to specify the "who, what, when, where and how of the alleged fraud," including identifying the fraudulent statements, the speaker, the time and place they were made, and an explanation of their fraudulent nature. See, *Bauman v. Mount Sinai Hosp.*, 452 F. Supp. 2d 490, 503 (S.D.N.Y. 2006); *Sanders v. WB Kirby Hill LLC*, No. CV 16-4596, 2017 WL 5495365, at *3 (E.D.N.Y. Nov. 14, 2017). Conclusory statements or "labels of fraud" are legally insufficient without supporting factual allegations that raise a strong inference

of fraudulent intent. See, *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994); *Wood ex rel. United States v. Applied Research Assocs., Inc.*, 328 F. App'x 744, 747 (2d Cir. 2009). The purpose of Rule 9(b) is to provide defendants with fair notice of the claim, safeguard their reputation from improvident charges, and protect against "strike suits." See *United States ex rel. Piacentile v. Amagen, Inc.*, 336 F. Supp. 3d 119, 131 (E.D.N.Y. 2018). Moreover, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face, moving beyond "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Plaintiffs' opposition brief, while "long on legal abstractions and citations to out-of-circuit and unpublished cases," is notably "short on the specific facts this District and Your Honor's own precedent require" (Motion to Dismiss and Compel Arbitration, ECF No. 162). A party generally cannot amend its complaint by introducing new factual allegations or claims through its motion papers. See *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 402 (S.D.N.Y. 2012); *Williams v. Rosenblatt Sec. Inc.*, 136 F. Supp. 3d 593, 609 (S.D.N.Y. 2015). The TAC's "factual deficiencies remain glaring and unaddressed" (Motion to Dismiss and Compel Arbitration, ECF No. 162), offering only "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which are insufficient to nudge claims across the line from conceivable to plausible. See *Iqbal*, 556 U.S. at 678; *Missel v. Cnty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009). Accordingly, the TAC's claims subject to Rule 9(b) continue to lack the requisite particularity, warranting dismissal.

### POINT II: THE TAC FAILS TO ALLEGE A LIKELIHOOD OF CONFUSION UNDER THE LANHAM ACT

Flycatcher's opposition concedes that likelihood of confusion is the key disputed element for its Lanham Act claims (Counts I and II), but it relies on conclusory recitations that Defendants' use "is likely to cause confusion" without Affable-specific facts. (Opp. at 11; TAC ¶¶ 65, 67). Flycatcher points to alleged harms like "diversion of sales, forced price reduction and reputational harm" from Amazon's Buy Box mechanics (Opp. at 9; TAC ¶¶ 59-62), but these are platform-driven effects, not evidence of confusion attributable to Affable.

To state a Lanham Act claim, a plaintiff must plead facts showing a plausible likelihood of confusion as to source, sponsorship, or affiliation. 1-*800 Contacts, Inc. v. WhenU.com, Inc*., 414 F.3d 400, 406-07 (2d Cir. 2005); *Streetwise Maps, Inc. v. VanDam, Inc.,* 159 F.3d 739, 743 (2d Cir.1998) (plaintiff must show a probability, not just a possibility of confusion). Mere recitation of the element does not suffice under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The TAC alleges no specific Affable listing content, consumer complaints, or incidents of confusion—only bulk assertions against "Merchant Defendants." (TAC ¶ 55). Flycatcher's Buy Box theory undermines confusion as to Affable, whose offers were not the default. Selling on a multi-seller platform does not inherently confuse consumers about source. *Tiffany (NJ) Inc. v. eBay Inc*., 600 F.3d 93, 112 (2d Cir. 2010).

Even assuming the goods were "stolen," Flycatcher must plead how Affable's resale plausibly confused consumers, which it has not. The TAC's deficiencies persist, warranting dismissal.

### POINT III: THE TAC FAILS TO ALLEGE THAT THE GOODS SOLD BY AFFABLE WERE NOT GENUINE OR MATERIALLY DIFFERENT

Flycatcher's opposition advances two theories for why the goods were "not genuine": lack of an authorized first sale and absence of warranty coverage. (Opp. at 10-12, citing TAC ¶¶ 47, 58). Neither is tied to specific conduct by Affable, and both fail as a matter of law.

Under the material difference doctrine, resale of genuine trademarked goods is not infringement absent substantial differences likely to confuse consumers. *Zino Davidoff SA v. CVS Corp.*, 571 F.3d 238, 243-44 (2d Cir. 2009); see also *Matrix Essentials, Inc. v. Emporium Drug Mart, Inc.*, 988 F.2d 587, 590-91 (5th Cir. 1993); *Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073, 1076-77 (9th Cir. 1995). Flycatcher alleges no alterations to the goods sold by Affable, such as removed codes or changed packaging, and no Affable-specific representations about warranties. (TAC ¶ 55). The TAC's reference to a platform-level warranty hyperlink does not attribute deception to Affable, particularly given its non-Buy Box status. Flycatcher's "no first sale" theory conflates property rights with trademark law; it does not plead consumer confusion from Affable's actions. Absent facts connecting Affable to materially different products or misleading statements, these claims must be dismissed.

## POINT IV: THE STATE LAW CLAIMS FAIL

### A. The GBL § 349 Claim Fails

Flycatcher's opposition asserts that its allegations are "consumer-oriented" under N.Y. Gen. Bus. Law § 349, relying on *Himmelstein v. Comcast of the D.C., LLC*, 908 F.3d 49 (D.C. Cir. 2018), aff'g 44 F. Supp. 3d 1 (D.D.C. 2012), and rejecting a "heightened" standard. (Opp. at 16-19). But § 349 requires materially misleading consumer-oriented conduct causing injury, not mere business disputes. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 623 N.Y.S.2d 529, 85 N.Y.2d 20, 647 N.E.2d 741 (N.Y. 1995); *Maurizio v. Goldsmith*, 230 F.3d 518, 521-22 (2d Cir. 2000) (*citing Netzer v. Continuity Graphic Assoc.*, 963 F. Supp. 1308, 1323 [S.D.N.Y. 1997], "Section 349 generally prohibits only those deceptive practices effecting the public at large. Private transactions not of a recurring nature or [sic] without ramifications for the public at large" and thus, do not fall within the purview of section 349). The TAC alleges no Affable-specific misrepresentations to consumers, only omissions about "stolen goods" and platform boilerplate. (TAC ¶ 78). Courts dismiss § 349 claims based on private trademark

disputes without concrete public deception. *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003). Flycatcher's theory lacks the required consumer harm tied to Affable.

<u>B. There Is No Private Right of Action Under Penal Law § 165.66</u>

Flycatcher concedes § 165.66 is a criminal statute but urges implication of a private right under *Sheehy v. Big Flats Cmty. Day, Inc.*, 73 N.Y.2d 629 (1989), 543 N.Y.S.2d 18, 541 N.E.2d 18 (1989). (Opp. at 19-21, 25-26). New York courts do not imply private rights in criminal statutes absent clear legislative intent, and silence indicates none. *Ortiz v. Ciox Health LLC*, 37 N.Y.3d 353, 360 (2021); *Sheehy v. Big Flats Community Day*, 73 N.Y.2d 629, at 633 (NY 1989); see also, *Alexander v. Sandoval*, 532 U.S. 275, 286-87, 121 S. Ct. 1511, 149 L.Ed 2d 517 (2001) (private cause of action exists only if the legislature intended to create one; and, "courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute"). Penal Law provisions rarely support civil claims, particularly where, as here, the Legislature provided no express remedy. See *Christian v. Town of Riga*, 649 F. Supp. 2d 84, 91 (W.D.N.Y. 2009); *Patterson v. Patterson*, No. 1:16-cv-00844-EAW-HKS, ECF No. 29 (W.D.N.Y. Mar. 20, 2019)[4] ("Courts within this Circuit have accordingly held consistently that criminal charges…'cannot be prosecuted by a private person.'" [collecting cases]).. Flycatcher offers no authority implying a right under this new statute, and the claim fails.

---

[4] *Patterson v. Patterson*, No. 1:16-CV-844, 2019 WL 1284346, at *7 (W.D.N.Y. Mar. 20, 2019)

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss the TAC with prejudice.

Dated: August 8, 2025
      West Hempstead, New York                Respectfully submitted,

/s/ Steven A. Feldman
Steven A. Feldman
LAW OFFICE OF STEVEN A. FELDMAN
& ASSOCIATES, PLLC
763 Dogwood Avenue
West Hempstead, NY 11552
(516) 500-8057
steven@safesq.net
Attorney for Defendant Affable Avenue LLC

## CERTIFICATE OF COMPLIANCE

I, Steven A. Feldman, counsel for Defendant Affable Avenue LLC, hereby certify that this memorandum of law complies with the word limit set forth in Section 4.B of Judge Katherine Polk Failla's Individual Rules of Practice in Civil Cases. According to the word count feature of Microsoft Word for Microsoft 365 MSO (Version 2507 Build 16.0.19029.20136) 64-bit, this document contains 2,637 words, including all text in footnotes and endnotes.

This document uses Times Roman 12-point font in accordance with typeface and style requirements.

Dated: August 8, 2025
      West Hempstead, New York

Respectfully submitted,

/s/ Steven A. Feldman_____
Steven A. Feldman
LAW OFFICE OF STEVEN A. FELDMAN
& ASSOCIATES, PLLC
763 Dogwood Avenue
West Hempstead, NY 11552
(516) 500-8057
steven@safesq.net
Attorney for Defendant Affable Avenue LLC