# LAW OFFICE OF STEVEN A. FELDMAN & ASSOCIATES, PLLC

763 DOGWOOD AVENUE
WEST HEMPSTEAD, NY 11552
TEL: 516-500-8057 FAX: 516-213-0245
STEVEN@SAFESQ.NET

August 12, 2025

**Via ECF**
HONORABLE KATHERINE POLK FAILLA
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 618
New York, NY 10007

      Re:    *Flycatcher Corp. Ltd. et al. v. Affable Avenue LLC et al.*, Case No. 1:24-cv-09429 (KPF) – Response to Letter Regarding My Reply Brief (Aug. 8, 2025) (ECF 182) Filed by Joel G. MacMull on Aug. 11, 2025

Dear Judge Failla,

      I respectfully write in connection with the letter filed by counsel for Top Experience Company LLC, Joel G. MacMull (ECF 182) concerning the error for the incorrect citation to the incorrect *Himmelstein* case contained in my Reply Memorandum of Law (ECF 180). In preparing my reply, I took great pains to ensure the accuracy of all citations and included in the process an effort to obtain the original opinions for any case upon which I rely. The citation in question indeed was intended to be to *Himmelstein v. Matthew Bender & Co.*, 37 N.Y.3d 169 (2021). Attached as **Exhibit A** is a true copy of that opinion downloaded on the previous evening on August 7, 2025, at 10:50 PM from vLex. The incorrect citation was regrettably introduced during a final verification of the citation string while double checking and preparing the citations and table of authorities. I deeply regret this clerical error. While I cannot trace the steps in the early hours of Friday morning, it is without question that the citation does exist and is only other Himmelstein case I have come across that deals with consumer protections concerning good faith.



      That said, Mr. MacMull's letter brings to the fore a significant challenge I have been struggling with throughout this litigation concerning the verification of unreported citations, familiar to the courts and the bar[1] – the pervasive use of proprietary, non-neutral reporters such as Westlaw and

---

[1] See, Martin, Peter W., "Neutral Citation, Court Web Sites, and Access to Case Law" (2006). Cornell Law Faculty Publications. Paper 70. http://scholarship.law.cornell.edu/lsrp_papers/70.



HONORABLE KATHERINE POLK FAILLA  
United States District Court  
*Flycatcher Corp. Ltd. et al v. Affable Avenue LLC et al*  
*Docket Number: 1:24-cv-09429-KPF*

Tuesday, August 12, 2025

---

Lexis when an official, publicly accessible version is unavailable or when the proprietary source is simply wrong.

A clear example of this is an order from the following case *Klein-Becker usa LLC v. Englert*, No. 06-cv-378 from the United States District court for the District of Utah oft cited in the submissions (through no fault of the counsel who relied on the Erroneous Westlaw reporter) before this court dated by Westlaw as March 28, 2007, when in fact the date is incorrect the following is the relevant text of the memo:

> Plaintiffs' citation to *NEC Elecs. v. CAL Cir. Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987) in their responsive letter further drives home this point: "**Once a trademark owner sells his products**, the buyer ordinarily may resell the product under the original mark without incurring any trademark law liability." (ECF 135 at 2; emphasis in original.) Not one of the over ten citations in Plaintiffs' responsive pre-motion letter which they cite for the requirement of an authorized "first sale" involved the bifurcation of sales of product into those that were "authorized" versus those that were "unauthorized" by the seller-claimant. (ECF 135 at 2); *see, e.g., Klein-Becker usa LLC v. Englert*, No. 06-cv-378, 2007 WL 1933147, at *5 (D. Utah Mar. 28, 2007) (holding the first sale defense has no application to goods that were stolen because no legal "first sale" occurred).

Top Experience Company LLC, Memorandum in Opposition ECF 151 Page 15.

In manually, double checking the citation which includes the date "Mar. 28, 2007", I discovered based on the Pacer docket report (**Exhibit B**) provided shows no such case with an order from that date. In attempting to verify this source, I discovered that the official court docket reveals no order was filed on the cited date and that many surrounding docket entries are sealed, making independent verification impossible. Upon discovering this discrepancy before the Friday filing deadline, I reached out to Mr. MacMull via email at approximately 2:00 AM to address the issue once he checked his email the following morning. I also recognized that such a request may be met with a refusal to assist and noted that while Local Rule 7.2 does not require providing copies of unreported cases to attorneys, I wanted to resolve the discrepancy collaboratively. It was subsequently confirmed by a copy provided by his colleague that the date provided in the Westlaw citation was, in fact, incorrect. The proprietary Westlaw opinion, attached as **Exhibit C**, does not appear on the public docket as cited.



LAW OFFICE OF STEVEN A. FELDMAN & ASSOCIATES, PLLC

HONORABLE KATHERINE POLK FAILLA  
United States District Court  
*Flycatcher Corp. Ltd. et al v. Affable Avenue LLC et al*  
*Docket Number: 1:24-cv-09429-KPF*

Tuesday, August 12, 2025

---

    I encountered a similar issue with *Nakano v. Jamie Sadock, Inc.*, No. 98 Civ. 0515 Doc. 57 (SAS) (S.D.N.Y. May 25, 2000), a case I intended to cite albeit incorrectly, in my memorandum, which has no non-proprietary publicly available decision to verify the quote or source of the authority for which it is cited for. None of the WL cases I cited in my initial memorandum were able to be verified by publicly available sources except by citing cases citing same. These turned out to be unreliable, and running last minute searches to check for erroneous citations, including paid legal search services that incorporate text and case citations in, will not turn-up erroneous Westlaw citations, and often will come up with the correct or similar case name, but not necessarily the intended one.

    While requiring neutral case citations, has not been adopted either by the Bluebook or this circuit, it should *not* be assumed that *everyone* has access to the *walled garden* of Westlaw or Lexis.[2] While pursuant to the "government edicts" doctrine, court opinions ought not to be subject to copyright,[3] practical access remains restricted by the proprietary nature of many legal databases, even when they are wrong, as in the above cited reference in counsel's memoranda. This environment—where unverified or inaccurately reported cases are cited—creates the conditions for the type of dispute now before the Court and necessitates heightened vigilance. Regrettably, my final double-checks on Friday morning still resulted in a clerical error. Although the intricacies of legal publishing and anti-trust concerns are not central to this litigation, they provide important context for the challenges that contributed to this mistake.

    I regret the trouble my error has caused, and trust this explanation clarifies the matter.

Respectfully Submitted,



STEVEN A. FELDMAN, ESQ.

---

[2] See also, Peter W. Martin, *Open and Timely Access to Final, Official, Citable U.S. Caselaw: A Progress Report*, CITING AND ACCESSING U.S. LAW (Aug. 6, 2025), https://citeblog.access-to-law.com/?p=1169.

[3] See, *Georgia v. Public. Resource. Org, Inc.*, 140 S. Ct. 1498, 1513 (2020):

> …The less bold among us would have to think twice before using official legal works that illuminate the law we are all presumed to know and understand.
> Thankfully, there is a clear path forward that avoids these concerns—the one we are already on. Instead of examining whether given material carries "the force of law," we ask only whether the author of the work is a judge or a legislator. If so, then whatever work that judge or legislator produces in the course of his judicial or legislative duties is not copyrightable. That is the framework our precedents long ago established, and we adhere to those precedents today.

…I did think twice.

