**KOFFSKY SCHWALB** LLC

Efrem Schwalb
eschwalb@koffskyschwalb.com

500 Seventh Avenue, 8th Floor
New York, New York 10018
T: 646.553.1590
F: 646.553.1591
www.koffskyschwalb.com

August 12, 2025

**VIA ECF and EMAIL**
Hon. Katherine Polk Failla
United States District Court
40 Foley Square
New York, NY 10007

      Re:    *Flycatcher Corp. Ltd. et al v. Affable Avenue LLC, et al*.
             No. 1:24-cv-09429-KPF

Dear Judge Failla:

This firm represents plaintiffs Flycatcher Corp. Ltd. and Flycatcher Toys Inc. (collectively "Flycatcher"). We are in receipt of defendant Top Experience Company LLC's reply memorandum. (ECF Dkt. 177). Pages 6 through 10 make a new argument: that Flycatcher altered its warranty coverage on its website, and that its warranty would not cover goods sold through Walmart. Defendant Valley Bodega Wholesale, Inc. cross-references the same argument in its own reply. (ECF Dkt. 178 at 3-4).

Top Experience's argument is not only false, but consists of a completely new argument not raised in Top Experience's original motion papers or prior papers. (ECF Dkt. 151). Its initial memorandum only argued that the warranty policy was a product of Flycatcher's own policy, and also that it violated New York law. (*Id.* at 11-13) This new argument was nowhere mentioned there. (*Id.*)

Since the very first pleading, Flycatcher has asserted that the lack of warranty coverage meant the customers were receiving an inferior product, and hence materially different. (ECF Dkt. 1 ¶¶ 40, 47). And this theory was spelled out in detail in Flycatcher's pre-motion letter to the Court:

> Separately, TEC ignores that the SAC alleges that the products are not genuine for a second, independent reason: because, as stolen goods, they lack a manufacturer's warranty. (SAC ¶ 47 55). The lack of a manufacturer's warranty is a material difference which renders the goods sold infringing. *See Beltronics USA, Inc. v. Midwest Inventory Distrib.*, LLC, 562 F.3d 1067, 1073 (10th Cir. 2009); *Bel Canto Design v. MSS Hifi, Inc.*, 837 F. Supp. 2d 208, 226 (S.D.N.Y. 2011).

(ECF Dkt. 135 at 2) Yet Top Experience choose to sandbag Flycatcher by withholding this argument until its reply.[1]

---

[1] Top Experience's submissions to the Court include constantly shifting theories and new arguments. This appears to us to be an attempt to exploit the Court's statement that further

**KOFFSKY SCHWALB**LLC

Hon. Katherine Polk Failla
August 12, 2025
Page 2

"It is improper in this district and this circuit to introduce new arguments in reply." *Mason Tenders Dist. Council of Greater New York v. Fortune Interiors Dismantling Corp.*, 2015 WL 4503630, at *5 (S.D.N.Y. 2015).  Generally such arguments are not considered at all by the Court.  *Keefe on Behalf of Keefe v. Shalala*, 71 F.3d 1060, 1066 n. 2 (2d Cir. 1995) ("Normally, we will not consider arguments raised for the first time in a reply brief.")

We accordingly request that the Court order that the arguments on pages 6 through 10 in Top Experience's reply brief (and the cross-reference in Valley Bodega's reply) will be disregarded. Otherwise, Flycatcher will be prejudiced by the new arguments.

Alternatively, in the event the Court elects to consider this improper reply argument, we request that Flycatcher be permitted to file a sur-reply limited to responding to this one issue, not to exceed 5 pages.

Respectfully Submitted,

*Efrem Schwalb*

Efrem Schwalb

---

amendments will not be permitted.  Flycatcher reserves the right to request additional amendment to address such new arguments that were not raised prior to its last amendment.