UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLYCATCHER CORP. LTD, and FLYCATCHER TOYS INC., <br><br> Plaintiffs, <br><br> -v.- <br><br> AFFABLE AVENUE LLC d/b/a CJ DIST, OZMOS COMPANY LLC, EYTAN GROSSMAN d/b/a EYG DEALS, CREATIVE REWARDS INC., JOSHUA CHAVEZ d/b/a ONESTOPFASTSHOP, TOP EXPERIENCE COMPANY LLC d/b/a WE PAY COST LLC, PRETTY PRINCESS LLC d/b/a NORVI, AYANEE LLC, FORTUNA KG LLC d/b/a FORTUNAKG, JAXSON MANAGEMENT LLC, JOAN ALEXANDER SORIANO d/b/a PRIMECHOICEMART, A WAHABI CORPORATION d/b/a MCPROFITS, MODA ORIGINAL LLC, S&N GLOBAL SUPPLY INC., SAM SHAMLOO, EYAD WAHBY, VALLEY BODEGA WHOLESALE INC., and JOHN DOES 1 to 25, <br><br> Defendants. | 24 Civ. 9429 (KPF) <br><br> **ORDER** |

KATHERINE POLK FAILLA, District Judge:

On August 8, 2025, Mr. Feldman, counsel for Defendant Affable Avenue LLC ("Affable"), filed a letter seeking consideration of Affable's reply memorandum of law in support of its motion to dismiss the Third Amended Complaint. (Dkt. #179). In connection with this letter, Mr. Feldman filed this reply memorandum of law. (Dkt. #180). On August 11, 2025, the Court denied Mr. Feldman's application without prejudice to its renewal orally at the conference previously scheduled for August 22, 2025. (Dkt. #181). The parties

well know that, at this upcoming conference, the Court will consider whether and how to sanction Mr. Feldman in connection with (i) filing a brief that contained citation errors that were apparently the product of AI hallucinations (Dkt. #156) and (ii) filing a response to the Court's Order to Show Cause that contained a similar citation error (Dkt. #164). (*See* Dkt. #169).

On August 11, 2025, Mr. MacMull, counsel for Defendant Top Experience Company LLC, alerted the Court that Mr. Feldman's reply memorandum of law contains a citation error that appears to be the product of an AI hallucination. (Dkt. #182). Specifically, on page 11 of Affable's reply brief, Mr. Feldman cites "*Himmelstein* [v.] *Comcast of the D.C., LLC*, 908 F.3d 49 (D.C. Cir. 2018), *aff'g*[,] 44 F. Supp. 3d 1 (D.D.C. 2012)." The context for this citation is to note that Plaintiffs in their opposition brief rely on "*Himmelstein*" to support Plaintiffs' argument that their allegations are consumer-oriented as required under New York General Business Law § 349 ("GBL § 349"). However, as Mr. MacMull notes, and which the Court has since confirmed, the "*Himmelstein*" case Mr. Feldman cites does not exist as such. Mr. Feldman likely intended to cite *Himmelstein, McConnell, Gribben, Donoghue & Joseph LLP v. Matthew Bender & Co., Inc.*, 37 N.Y.3d 169 (2021), which has been cited in the briefing, and which discusses GBL § 349. Instead, Mr. Feldman cited a different "*Himmelstein*" case and included the reporter citation "908 F.3d 49 (D.C. Cir. 2018)," which directed the Court to a particular page in a Fourth Circuit opinion affirming a criminal conviction and sentence. *See United States v. Camara*, 908 F.3d 41 (4th Cir. 2018). Sowing further confusion, Mr.

2

Feldman's erroneous citation states that this so-called *Himmelstein* decision affirmed a 2012 District of the District of Columbia ("D.D.C.") case reported at "44 F. Supp. 3d 1." But this citation directs the Court to a D.D.C. opinion regarding the Humane Society's application to intervene in a suit in defense of a rule re-defining the statutory phrase "retail pet stores" that was promulgated by the United States Department of Agriculture pursuant to the federal Animal Welfare Act. *See Associated Dog Clubs of N.Y. State* v. *Vilsack*, 44 F. Supp. 3d 1 (D.D.C. 2014).

In a letter filed in the early-morning hours of August 12, 2025, Mr. Feldman endeavored to explain his erroneous citation, but instead generated more topics for discussion at the upcoming conference. (Dkt. #183). Mr. Feldman maintains that the incorrect citation was a clerical error that was "introduced during a final verification of the citation string while double checking and preparing the citations and table of authorities." (*Id.* at 1). By way of explanation, Mr. Feldman includes a Google search result for "himmelstein consumer," which returned — beneath two versions of the relevant New York Court of Appeals *Himmelstein* case — a case called "*Himmelstein* v. *Comcast of the Dist., LLC*, 931 F. Supp. 2d 48 (D.D.C. 2013)." (*Id.*). Such "clarification" only further confused the Court because (i) the relevant *Himmelstein* case was cited twice above this irrelevant one; (ii) Mr. Feldman did not include the reporter citation "931 F. Supp. 2d 48 (D.D.C. 2013)" in his erroneous reply brief citation but instead included two different ones; and (iii) even without reading this D.D.C. *Himmelstein* case (which would

3

be the bare minimum for Mr. Feldman to do), it would be quite strange to cite a federal case from the D.D.C. in the context of GBL § 349.  In fact, the D.D.C. *Himmelstein* case is a Fair Credit Reporting Act case and makes no mention of GBL § 349.

Mr. Feldman's point regarding the "significant challenge" he and many other practitioners face regarding unreported citations is well taken.  (Dkt. #183 at 1-3).  However, Mr. Feldman's erroneous citation here was supposed to cite a New York Court of Appeals case that was (i) reported and (ii) cited in other briefing in this action.  The Court is therefore mystified both by Mr. Feldman's pattern of submitting erroneous citations to the Court and by his meandering explanations of his conduct.  Thankfully, the Court will hear directly from Mr. Feldman at next week's conference.  In the meantime, Mr. Feldman is directed not to file further explanations of his conduct on the docket, and Mr. Feldman is on notice that the Court is considering a range of sanctions against him and his client including default judgment in Plaintiffs' favor.

SO ORDERED.

Dated: August 12, 2025
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge