

**Joel G. MacMull, Partner**

jmacmull@mblawfirm.com
973.295.3652 Direct

3 Becker Farm Road
Roseland, New Jersey 07068
973.736.4600 Main
973.325.7467 Fax

570 Lexington Avenue, 21st Floor
New York, New York 10022
212.776.1834 Main
www.mblawfirm.com

August 12, 2025

**VIA ECF ONLY**

Hon. Katherine Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

>  Re:   *Flycatcher Corp. Ltd. v. Affable Avenue LLC et al.*
>          Case No. 24-cv-09429 (KPF)

Dear Judge Failla:

  This office represents defendant Top Experience Company LLC d/b/a We Pay Cost LLC ("Top") in the above-captioned matter. We write to the Court now in response to plaintiffs' letter filed earlier today arguing that Top's reply brief impermissibly raises new arguments for the first time. (ECF 184). Defendant Valley Bodega Wholesale, Inc. ("Valley") joins us in this letter.

  Plaintiffs' criticisms are without merit. In its motion to dismiss, Top argues that it only sold *genuine* trademarked goods, and that the existence of plaintiffs alleged "warranty" did not render the products that Top sold "materially different." (ECF 151 at 19-20). In support of this point, Top argues that plaintiffs' unilateral action pertaining to the warranty cannot render the products Top sold "materially different" and that plaintiffs' allegations pertaining to the "materiality" of this warranty were pled in a conclusory manner. (*Id.* at 20, 26 n.3).

  In their opposition, plaintiffs argue that the products Top sold were "materially different" because the terms of their so-called "warranty" requires an order number to honor the warranty, that the warranty will not honor stolen goods, and that Top sold products "without a warranty." (ECF 167 at 16-18).

  To rebut the arguments set forth in plaintiffs' opposition, Top (and Valley) point out in their respective replies that the terms of the so-called "warranty" plaintiffs cite were revised for

Hon. Katherine Failla, U.S.D.J.
August 12, 2025
Page 2 of 2

the purpose of this lawsuit (particularly the part of the warranty directed to "stolen goods" cited by plaintiffs in their opposition brief), and that plaintiffs' argument that their warranty will not honor "stolen goods" misses the mark entirely because the terms of plaintiffs' warranty — both historically and as it now appears — explicitly does not honor any goods sold on Walmart.com. (ECF 177 at 12-16).

Therefore, while plaintiffs complain that Top and Valley have introduced new arguments in their reply briefs, that is not so. Top raised in its initial motion papers the argument that plaintiffs' "warranty" did not render the goods that Top sold "materially different," and so this is not a new argument. Moreover, Top's reply brief merely "addresses and responds to arguments raised in Plaintiff[s'] memorandum of law in opposition." *Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 299 (E.D.N.Y. 2016) (denying plaintiff's motion to strike portions of defendant's memorandum of law in reply), *aff'd on other grounds*, 707 F. App'x 724 (2d Cir. 2017). Accordingly, the Court should not grant Flycatcher any of the relief it seeks in its letter.

The Court's continued attention to this matter is appreciated.

Respectfully submitted,

Joel G. MacMull

cc:    All Counsel of Record (*via ECF only*)