UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FLYCATCHER CORP. LTD. and FLYCATCHER TOYS INC.,

                    PLAINTIFFS,

      v.

AFFABLE AVENUE LLC dba CJ DIST, OZMOS COMPANY LLC,  EYTAN GROSSMAN d/b/a EYG DEALS, CREATIVE REWARDS INC., JOSHUA CHAVEZ d/b/a ONESTOPFASTSHOP, TOP EXPERIENCE COMPANY LLC d/b/a WE PAY COST LLC, PRETTY PRINCESS LLC d/b/a NORVI, AYANEE LLC, FORTUNA KG LLC d/b/a FORTUNAKG, JAXSON MANAGEMENT LLC, JOAN ALEXANDER SORIANO d/b/a PRIMECHOICEMART, A WAHABI CORPORATION d/b/a MCPROFITS, MODA ORIGINAL LLC, S&N GLOBAL SUPPLY INC., SAM SHAMLOO, EYAD WAHBY, VALLEY BODEGA WHOLESALE INC., VALUE VALLEY WHOLESALE LLC,  ADAM HAMIDA and JOHN DOES 1 to 25.

                  DEFENDANTS.

CIVIL ACTION

No. 24-9429 (KPF)

---

**PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF SECOND MOTION FOR RECONSIDERATION**

KOFFSKY SCHWALB LLC
Efrem Schwalb
Tal S. Benschar
500 Seventh Avenue, 8th Floor
New York, New York  10018
(646) 553-1590

*Attorneys for Plaintiffs
Flycatcher Corp. Ltd.
and Flycatcher Toys Inc.*

Plaintiffs Flycatcher Corp. Limited and Flycatcher Toys Inc. (collectively. "Flycatcher") submit this memorandum of law in support of their motion for reconsideration as to one aspect of the Court's Opinion and Order on Defendants' motion to dismiss (ECF No. 226) (the "Opinion") as it related to Plaintiffs' Third Amended Complaint (ECF No. 142) ("TAC"). As discussed below, the basis for the motion is an intervening controlling authority.

## INTRODUCTION

On February 5, 2026, the Court determined the parties' motions to dismiss in the Opinion. Among other things, the Court ruled that Count IV of the TAC failed to state a claim under N.Y. GBL § 349, "because the TAC does not allege harms that pose a significant risk of harm to the public health or interest." (ECF No. 226 at 26). Three weeks later, the First Department of the Appellate Division of the New York Supreme Court affirmed a preliminary injunction in a trademark dispute based upon GBL § 349. *Yemeni-American Assoc. Corp. v. Alsaede*, --- N.Y.S.3d ---, 2026 WL 530452 (1st Dept. 2026). For the Court's convenience, we attach that decision, as well as the lower court decision which it affirmed.

As shown below, that First Department decision is an intervening controlling authority, which undermines the Court's decision in this case and justifies reconsideration and reversal of the Court's decision as to Count IV.

## ARGUMENT

### I.   The *Yemeni-American* Decision

As set forth in the lower court decision, the dispute involved use of the name and logo of a civic association, the Yemeni-American Association Corp. ("YAA"). The members of the board had a dispute as to who represented the YAA. After the defendant lost the election as president,

the Board demanded that he cease using the YAA's service mark and logo.  *Yemeni-American Ass'n, Corp v. Alsaede,* 2024 WL 5507535, at \*8 (Sup. Ct. 2024).

The YAA sought a preliminary injunction.  Three of the causes of action were under New York statutes, GBL §§ 360-O, 360-L, and 349(a), which the trial court characterized as "sound[ing] in trademark infringement and unfair competition."  *Id.* at \*1.  The trial court found no likelihood of success on the merits on the first two statutes, but did find a likelihood of success on the Section 349 claim.  *Id.* at \*\*12-13.   After rejecting two other claims, the trial court granted a preliminary injunction solely on the Section 349 claim.  *Id.* at \*\*13-15.

On appeal, the First Department affirmed the trial court's "preliminarily enjoining defendants from representing themselves to be plaintiff by use of its name, service mark, or logo and from transacting any business in plaintiff's name."  *Yemeni-Am. Ass'n, Corp. v. Alsaede*, 2026 WL 530452, at \*1 (1st Dept. 2026).  The First Department held that Section 349 clearly applied to the plaintiff's claim:  "Section 349, on its face, applies to virtually all economic activity."  *Id.* (*quoting Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co*., Inc., 37 N.Y.3d 169, 176–178 (2021).

## II.    The *Yemeni-American* Decision Is Inconsistent With The Court's Ruling

Nowhere in that decision is any mention made of any requirement to show "harms that pose a significant risk of harm to the public health or interest."  Indeed, that case presented a routine trademark/service mark dispute, which could not meet this Court's standard in this case. Yet the First Department had no issue with affirming a preliminary injunction based solely upon Section 349.

This Court's Opinion relied on *DePinto* v. *Ashley Scott*, Inc., 635 N.Y.S.2d 215, 217 (1st Dept. 1995), as well as on later federal decisions that relied on *DePinto.*  Whatever the merits of

2

*DePinto*, it is now clear that the very same court has held otherwise, likely because of the intervening decision of the New York Court of Appeals in *Himmelstein,* which the Court expressly cited as apply to virtually all economic activity. Based on the *Yemeni-American* decision, the TAC states a claim for a violation of Section 349.

**III.    The *Yemeni-American* Decision Is An Intervening Controlling Decision**

It is well-settled that "an intervening change in controlling law" justifies  reconsideration of a prior ruling. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992). Courts in this Circuit have treated Appellate Division decisions on state law as controlling for the purpose of reconsideration. *Ortiz v. Consolidated Edison Company of New York, Inc*., 801 F.Supp.3d 260, 324-25 (S.D.N.Y. 2025) (granting reconsideration based on intervening appellate division decision). *Cf. Kirk v. Heppt*,  2009 WL 2870167, at *13 (S.D.N.Y. 2009) (reversing prior ruling base on intervening appellate division decision.)  And, of course, federal courts are "bound . . . to apply the law as interpreted by New York's intermediate appellate courts unless [the Court] find[s] persuasive evidence that the New York Court of Appeals, which has not ruled on this issue, would reach a different conclusion." *Zaretsky v. William Goldberg Diamond Corp*., 820 F.3d 513, 521 (2d Cir. 2016).

**CONCLUSION**

For these reasons, the Court should reconsider and reverse its ruling as to GBL § 349.

Dated: New York, New York
      March 4, 2026

KOFFSKY SCHWALB LLC
By:/s/ Efrem Schwalb
Efrem Schwalb
Tal S. Benschar
500 Seventh Avenue, 8th Floor
New York, New York  10018
(646) 553-1590
*Attorneys for Plaintiffs*
*Flycatcher Corp. Ltd.*
*and Flycatcher Toys Inc.*

## **CERTIFICATE OF COMPLIANCE**

This document complies with the word limitation set forth in § 4.C. of Your Honor's Individual Rules of Practice in Civil Cases, because excluding the parts of the document exempted by this Rule, this document contains 828 words. In determining the number of words, I have relied on the "word count" feature of Microsoft Office Word 2021, which was used to prepare this document.

This document complies with the typeface and type style requirements of the foregoing Rule, because this document has been prepared in proportionally spaced typeface using Microsoft Office Word in Times Roman 12-point type.

Dated: New York, New York
March 4, 2026

KOFFSKY SCHWALB LLC

By:/s/ Efrem Schwalb
Efrem Schwalb
Tal S. Benschar
500 Seventh Avenue, 8th Floor
New York, New York  10018
(646) 553-1590

*Attorneys for Plaintiffs*
*Flycatcher Corp. Ltd.*
*and Flycatcher Toys Inc.*

4