2026 WL 530452
Only the Westlaw citation is currently available.
Supreme Court, Appellate Division, First
Department, New York.

## YEMENI–AMERICAN ASSOCIATION, CORP., Plaintiff–Respondent,
v.
ALI ALSAEDE, Defendant–Appellant,
JOHN DOE, Defendant.

5953
|
ENTERED: February 26, 2026

**Attorneys and Law Firms**

Yemeni-american association corp. etc., Nonparty Appellant. Index No. 809649/23 Case No.2024–01167 Joseph A. Altman, P.C., Fleetwood (Joseph A. Altman of counsel), for appellant.

Manzanet–Daniels, J.P., Moulton, Gesmer, Michael, JJ.

**Opinion**

**\*1** Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered on or about January 25, 2024, which granted plaintiff's motion for a preliminary injunction to the extent of preliminarily enjoining defendants from representing themselves to be plaintiff by use of its name, service mark, or logo and from transacting any business in plaintiff's name, and denied defendant's motion for a preliminary injunction against plaintiff's member Fateh Saleh and all prior members of plaintiff's board of directors enjoining them from holding themselves out as board members of plaintiff, staying plaintiff from holding elections for the board and for "President," and declaring defendant "President," unanimously affirmed, with costs.

"The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (*Nobu Next Door, LLC v. Fine Arts Hous., Inc.,* 4 NY3d 839, 840 [2005] ). To prevail on its claim under General Business Law § 349, plaintiff is required to establish that: (1) defendant engaged in "consumer-oriented" conduct; (2) the conduct was materially misleading; and (3) plaintiff suffered an injury as a result of the conduct (*see Plavin v. Group Health Inc.,* 35 NY3d 1, 10 [2020] ). Since plaintiff is engaged in services to a subclass of consumers, the Yemeni–American community in New York City, its conduct falls within the statute's ambit (*see* General Business Law § **349**[a] [consumer oriented conduct applies to "the furnishing of any service in this state"]; *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc.,* 37 NY3d 169, 176–178 [2021 ["Section **349**, on its face, applies to virtually all economic activity"] [internal quotation marks and brackets omitted] ). The record also indicates that defendant misled the Yemeni–American community into believing that he represented plaintiff, despite his failure to establish that he is a member of plaintiff eligible to call an election or run for office. Even if defendant was a member who could call an election, he engaged in an election campaign that was improper, and, by doing so, apparently convinced more than 1,400 Yemeni–Americans to vote in an unauthorized election, causing injury to plaintiff.

Plaintiff demonstrated that failing to immediately enjoin defendant from holding himself out as plaintiff's representative would cause irreparable injury by harming plaintiff's reputation and creating confusion and division within the community. As to the balance of equities, regardless of whether, as defendant contends, the current board is invalid, defendant has failed to establish that he has any authority to represent himself as acting on plaintiff's behalf. While plaintiff seeks to maintain the status quo with a preliminary injunction pending resolution of the matter, without which it would otherwise suffer harm, defendant has not demonstrated that he would be similarly harmed were the status quo maintained (*see Spectrum Stamford, LLC v. 400 Atl. Tit., LLC,* 162 AD3d 615, 616 [1st Dept 2018] ).

**\*2** Based on the foregoing, the motion court also providently exercised its discretion in denying defendant's motion for preliminary injunctive relief.

We have considered defendant's remaining arguments and find them unavailing.

**All Citations**

--- N.Y.S.3d ----, 2026 WL 530452