**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FLYCATCHER CORP. LTD. and FLYCATCHER TOYS INC., <br><br> *Plaintiffs*, <br><br> *v.* <br><br> AFFABLE AVENUE LLC, et. al., <br> *Defendants*. | Civil Action No. <br> 24-cv-9429 (KPF) <br><br> **DECLARATION OF JOEL G. MACMULL IN SUPPORT OF TOP EXPERIENCE COMPANY LLC'S APPLICATION FOR ATTORNEYS' FEES AND COSTS** |

I, Joel G. MacMull, hereby declare as follows:

1.    I am a Partner with the law firm of Mandelbaum Barrett PC (the "Firm"), attorneys for defendant Top Experience Company LLC d/b/a We Pay Cost LLC, ("Top") in the above-captioned matter. I submit this declaration in support of Top's application for reasonable attorneys' fees and costs pursuant to the Court's February 5, 2026 Opinion and Order ("Order") awarding Top its fees and costs. (ECF 227 at 33). I am over the age of 18 and have personal knowledge of the facts set forth herein, which are known to me to be true and correct.  I could and would testify competently about the matters set forth herein if called upon to do so.

2.    I respectfully submit this declaration to place before the Court all necessary information and documentation of the reasonable attorneys' fees totaling **$35,822.50** and costs totaling **$996.59** incurred by Top to date in connection with its June 2025 submission alerting the Court to the conduct of attorney Steven A. Feldman, Esq. ("Mr. Feldman") (ECF 158, 158-1).

4916-7222-0562, v. 3

## **FIRM PERSONNEL AND BILLING ON THIS CASE**

3.     Set forth below is the relevant information concerning the individuals who billed fees on this case, the main categories of their work, and their billable hours and fees incurred for that work between June 20, 2025 and the present.

4.     **Joel G. MacMull.**  I am a Partner in Firm's Litigation Department and Chair of the Firm's Intellectual Property, Brand Management and Internet Law Group.  I have been admitted to practice law in State of New York since 2005 and before this Court since October of 2007.  I am also admitted to practice in the State of New Jersey, U.S. District Court for the District of New Jersey, U.S. District Court for the Eastern District of New York, the U.S. Courts of Appeals for the Second, Fourth, Eleventh, and Federal Circuits, and the Supreme Court of the United States.  My practice concentrates primarily on torts of competition in federal and state courts, as well as litigation and administrative proceedings before the United States Patent and Trademark Office.  I've tried to verdict and judgment numerous trademark cases across the country.  A true and correct recitation of my credentials and experience can be found on my Firm's website at https://www.mblawfirm.com/professionals/joel-g-macmull/.  I was responsible for overseeing this matter on behalf of Top and managing day-to-day activities, including the drafting of legal briefs, communications with this Court and counsel for the other parties, researching relevant law, and developing Top's overall litigation strategy.

5.     In 2017, I was a member of a team of three attorneys who appeared before the United States Supreme Court on behalf of Chinese American recording artist, Simon Tam, in the matter *Matal v. Tam*, 137 S. Ct. 1744 (2017), which concerned the intersection of the Lanham Act and the Free Speech Clause of the First Amendment.  The Supreme Court ruled unanimously in favor of Mr.

Tam.  In 2018, I was one of four recipients of the ABA's Section of Intellectual Property Law Mark T. Banner Award for my work in connection with the *Tam* case.

6.      My billing rate for this case in 2025 through to the present is $575.00 per hour.  As further explained in the accompanying memorandum of law which is being filed approximately contemporaneously with this declaration, my hourly rate is reasonable, as it is in line — indeed below — prevailing hourly rates in the New York City legal community for similar services in the Southern District of New York by lawyers of reasonably comparable skill, experience, and reputation.

7.      Between June 2025 and present, I have billed a total of 51.3 hours on this matter as it concerns the conduct of Mr. Feldman, incurring a total of **$29,497.50** in attorneys' fees. (These hours and amounts are reflected in the redacted true and correct copies of my firm's invoices set forth in **Exhibit A** and **Exhibit B**, the latter containing a redacted invoice for all the time that was incurred in the month of February 2026 and a pre-bill for the first few days in March 2026 up to the date of this filing,  which  reflects contemporaneous time entries inputted by my partner,  Brian M. Block, and myself, as well as disbursements.)

8.      **<u>Brian M. Block</u>.**  Mr. Block is also a Partner in the Firm's Litigation Department, having been admitted to practice law since 2014, and was admitted to this district in January 2025. Mr. Block is also admitted to practice in the State of New Jersey, Commonwealth of Pennsylvania, U.S. District Court for the District of New Jersey, and the U.S. Courts of Appeals for the Second, Third, and Ninth Circuits.  He also served for a year as a Law Clerk to Justice Anne M. Patterson of the Supreme Court of New Jersey, the highest court in the State of New Jersey.  A true and correct recitation of Mr. Block's credentials and experience can be found on my Firm's website at

www.mblawfirm.com/professionals/brian-m-block/.  Mr. Block was the only other attorney on this case.  He bore principal responsibility for conducting initial research into the breadth of Mr. Feldman's misconduct, reviewed and edited correspondence with the Court and Mr. Feldman, and assisted with the entirety of the evidentiary hearing in this matter and the various post-hearing matters that have arisen, including review of the Order and the preparation of Top's application for fees.

9.      Mr. Block's billing rate in 2025 through to the present for this case has also been $575.00 per hour.  Mr. Block's rates are reasonable, as they are in line with prevailing hourly rates in the New York City legal community for similar services in the Southern District of New York by lawyers of reasonably comparable skill, experience, and reputation.

10.     Between June 2025 and the present, Mr. Block has billed 11 hours on this matter, incurring a total of **$6,325** in attorneys' fees. (These hours and amounts are reflected in the redacted invoices set forth in **Exhibit A** and **Exhibit B**, the latter containing a redacted invoice for all the time that was incurred in the month of February 2026 and a pre-bill for the first few days in March 2026 up to the date of this filing, which reflects contemporaneous time entries inputted by Mr. Block and myself, as well as disbursements.)

11.     In sum, the total amount of attorneys' fees incurred by Mr. Block and myself for time spent on the matter concerning Mr. Feldman's misconduct (ECF 227), during the period of June 2025 through the present, is **$35,822.50**.

12.     Attached hereto as **Exhibit C** is a true and correct copy of my email exchange with Mr. Feldman between February 13, 2026 and February 18, 2026. Each of the redacted invoices attached to my initial email to Mr. Feldman on February 13, 2026, are contained in **Exhibit A.**

4916-7222-0562, v. 3

## COSTS

13.      Top has also incurred a total of **$996.59** in litigation-related costs between June 2025 and the present, comprised of Westlaw legal research fees that are set forth in the February invoice annexed as **Exhibit B**.[1]

## CONCLUSION

14.      As set forth above, Top respectfully requests that the Court award it its reasonable attorneys' fees totaling **$35,822.50** and its costs totaling **$996** in view of Mr. Feldman's "bad faith and unreasonable and vexatious multiplication of the proceedings in this case." (ECF 227 at 33 (citation modified)).

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

JOEL G. MACMULL

Dated: March 7, 2025

---

[1]      Other compensable costs, such as photocopies, have been incurred. However, Top is not seeking the recovery of any costs beyond the Westlaw charges identified in Exhibit B.