**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FLYCATCHER CORP. LTD. and
FLYCATCHER TOYS INC.,

        Plaintiff,

        v.

AFFABLE AVENUE LLC dba CJ DIST,
OZMOS COMPANY LLC, EYTAN
GROSSMAN d/b/a EYG DEALS,
CREATIVE REWARDS INC., JOSHUA
CHAVEZ d/b/a ONESTOPFASTSHOP, TOP
EXPERIENCE COMPANY LLC d/b/a WE
PAY COST LLC, PRETTY PRINCESS LLC
d/b/a NORVI, AYANEE LLC, FORTUNA
KG LLC d/b/a FORTUNAKG, JAXSON
MANAGEMENT LLC, JOAN
ALEXANDER SORIANO d/b/a
PRIMECHOICEMART, A WAHABI
CORPORATION d/b/a MCPROFITS,
MODA ORIGINAL LLC, S&N GLOBAL
SUPPLY INC., SAM SHAMLOO, EYAD
WAHBY, VALLEY BODEGA
WHOLESALE INC., VALUE VALLEY
WHOLESALE LLC, ADAM HAMIDA and
JOHN DOES 1 to 25.

        Defendants.

---

S & N GLOBAL SUPPLY, INC., a California
corporation; and SAM SHAMLOO

        Third-Party Plaintiffs,

        v.

DIRECT WHOLESALES, LLC, a California
limited liability company,

        Third-Party Defendants.

Case No.: 1:24-cv-09429

13241451-3

**DECLARATION OF KYLE C. BISCEGLIE, ESQ.
IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

I, Kyle C. Bisceglie hereby declare under penalty of perjury that:

1.     I am a partner with the law firm of Olshan Frome Wolosky LLP ("Olshan").  I respectfully submit this Declaration in support of the accompanying Motion to Withdraw as Counsel for defendants and third-party plaintiffs Sam Shamloo and S&N Global Supply, Inc. (the "Shamloo Defendants"). I also write on behalf of co-counsel in this matter, Lawrence C. Ecoff and Alberto J. Campain of Ecoff Campain & Kay, LLP ("ECK").

2.     I respectfully submit this affirmation in support of Olshan's and ECK's motion, pursuant to Local Civil Rule 1.4, for an order: (a) permitting Olshan and ECK to withdraw as counsel of record for the Shamloo Defendants; and (b) granting an immediate stay of any obligation on the part of Olshan or ECK to render services to the Shamloo Defendants in this action.

3.     Olshan and ECK have represented the Shamloo Defendants in this action since September 8, 2025. On April 14, 2026, Mr. Shamloo sent an unsolicited email expressing an interest in reducing his defense costs. Shortly thereafter, I learned from Mr. Ecoff that Mr. Shamloo is significantly past-due in paying fees due to ECK. Mr. Shamloo is also substantially past due with Olshan and has a large receivable with the firm and has advised that he is unable to afford this firm's services going forward. In subsequent communications with Mr. Shamloo, Mr. Shamloo has confirmed his intent to proceed *pro se* going forward in his personal capacity.

4.     On April 29, 2026, I provided Mr. Shamloo with a full set of the withdrawal motion papers via his email address, samshamloo@sn-supplies.com. I also informed Mr. Shamloo of the current status of the case, as well as Olshan's obligation to appear on his behalf at the Court's

2

scheduled status conference on April 30, 2026. Mr. Shamloo consented to Olshan's withdrawal and reiterated his intent to proceed *pro se* in his personal capacity.

5.      Following the Court's scheduled status conference on April 30, 2026, I informed Mr. Shamloo that I would send him revised papers also seeking withdrawal for ECK. In that email, I told Mr. Shamloo that although he can appear pro se on his own behalf, S&N Global Supply, Inc. ("S&N") must be represented by counsel, and failure to timely obtain substitute counsel for S&N could raise the risk of a default judgment against S&N.

6.      The Rules of Professional Conduct permit an attorney to withdraw as counsel when "withdrawal can be accomplished without material adverse effect on the interests of the client." Rule 1.16(c)(1). Olshan's withdrawal at the early stage of this matter, before discovery has materially begun, can be accomplished without material adverse effect on the interests of the other parties. Accordingly, Olshan respectfully requests that the Court stay any obligation on its part to render services to the Shamloo Defendants in this action pending a ruling on its motion.

7.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this, the 7th Day of May, 2026

*Kyle C. Bisceglie*
**KYLE C. BISCEGLIE**

3