Sam Shamloo
2160 Barranca Parkway, #1121
Irvine, California 92606
(949) 307-3994
Samshamloo@sn-supplies.com
Pro Se — Individual Capacity Only

June 26, 2026

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re:** Flycatcher Corp. Ltd. et al. v. Affable Avenue LLC et al.,
Case No. 1:24-cv-09429-KPF — Pre-Motion Letter of Defendant Sam Shamloo

---

Dear Judge Failla,

I write pursuant to the Court's Order dated May 20, 2026 (Docket No. 302), which directed me to respond to the Fourth Amended Complaint or file a pre-motion letter on or before June 26, 2026. I respectfully submit this letter to advise the Court that I intend to move to dismiss the claims asserted against me individually pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

**The Complaint Fails to Allege Any Specific Conduct by Mr. Shamloo**

The Fourth Amended Complaint names me individually based solely on the allegation that I am the "principal and Chief Executive Officer" of S&N Global Supply, Inc. and that I was "a conscious, dominant and active force behind the wrongful acts of that company." (Compl. ¶ 20.) This allegation is wholly conclusory. It identifies no specific act, decision, communication, or conduct undertaken by me personally in connection with the transactions at issue. It is, in substance, a formulaic recitation of the legal standard for officer liability, unsupported by any factual content.

Under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face; conclusory allegations and legal conclusions "couched as a factual allegation" are not entitled to a presumption of truth. The Complaint's sole allegation against me is precisely the type of bare assertion that Twombly and Iqbal hold insufficient to survive a motion to dismiss.

**Individual Officer Liability Requires Personal Participation**

To hold a corporate officer personally liable for trademark infringement, a plaintiff must allege that the officer personally participated in or directed the infringing conduct — mere corporate title or general managerial authority is insufficient. The Complaint contains no such allegation as to me. I was not the sales representative who facilitated, negotiated, or closed the transaction described in the Complaint, and the Complaint does not allege otherwise with any factual specificity.

**Conclusion**

For these reasons, I respectfully request leave to file a motion to dismiss the claims against me individually pursuant to Rule 12(b)(6). I thank the Court for its consideration and remain available at the contact information above should the Court require any additional information or wish to schedule a conference.

Respectfully submitted,

______________________________

**Sam Shamloo**