UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FLYCATCHER CORP. LTD and FLYCATCHER TOYS, INC.,

Plaintiffs,

-v.-

AFFABLE AVENUE LLC, *doing business as* CJ DIST; OZMOS COMPANY LLC; EYTAN GROSSMAN, *doing business as* EYG DEALS; CREATIVE REWARDS INC.; JOSHUA CHAVEZ, *doing business as* ONESTOPFASTSHOP; TOP EXPERIENCE COMPANY LLC, *doing business as* WE PAY COST LLC; PRETTY PRINCESS LLC, *doing business as* NORVI; AYANEE LLC; FORTUNA KG LLC, *doing business as* FORTUNAKG; JAXSON MANAGEMENT LLC; JOAN ALEXANDER SORIANO, *doing business as* PRIMECHOICEMART; A WAHABI CORPORATION, *doing business as* MCPROFITS; MODA ORIGINAL LLC; VALLEY BODEGA WHOLESALE INC.; EYAD WAHBY; SAM SHAMLOO; S&N GLOBAL SUPPLY INC.; VALUE VALLEY WHOLESALE LLC; ADAM HAMIDA; and JOHN DOES 1 to 25,

Defendants.

24 Civ. 9429 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

I. Default Judgment

On July 22, 2026, Plaintiffs Flycatcher Corp. Ltd. and Flycatcher Toys, Inc. (collectively, "Flycatcher") moved for default judgment against Defendants Top Experience Company LLC ("Top") and S&N Global Supply Inc. ("S&N"). (Dkt. #338-340). Today, July 23, 2026, the Court held a pre-motion conference to discuss *pro se* Defendant Sam Shamloo's contemplated motion to dismiss the Fourth Amended Complaint ("4AC" (Dkt. #306)). At this conference, Mr. Shamloo confirmed that he is the owner of S&N, and, in his role as its

proprietor, Mr. Shamloo consented to an entry of default judgment against it. (*See also* 4AC ¶ 20 (alleging that Mr. Shamloo is "the principal and Chief Executive Officer of S&N")). Accordingly, default judgment as to liability on Counts I and II of the 4AC is ENTERED against S&N pursuant to Federal Rule of Civil Procedure 55(b). The Court will not at this time order an inquest on damages as to S&N. (*See* Dkt. #332 (likewise declining to order a damages inquest as to defaulted Defendants)).

Further, the Court will not at this time enter Flycatcher's proposed Order to Show Cause as to why default judgment should not be entered against Top. As a general rule, before moving for default judgment, Flycatcher must obtain a Certificate of Default from the Clerk's Office. *See* Individual Rules, Attachment A. Flycatcher has not obtained Certificates of Default against either Top or S&N. While the Court will permit Mr. Shamloo's consent to default judgment against S&N to circumvent the Certificate of Default requirement as to S&N, the requirement remains as to Top. Thus, the Court directs Flycatcher to obtain a Certificate of Default against Top and then re-submit the documents in support of its motion for default judgment. *See id.* In other words, Flycatcher must comply with each and every step of Attachment A to the Court's Individual Rules.

II. Mr. Shamloo's Contemplated Motion to Dismiss

Also at today's pre-motion conference, the Court discussed that it would wait to set a briefing schedule on Mr. Shamloo's contemplated motion to dismiss until after the resolution of the pending default judgment proceedings.

Because Flycatcher must rectify its papers in support of default judgment against Top, the Court will not yet set the motion to dismiss briefing schedule. But for the parties' visibility, the Court anticipates that the schedule will be as follows: one week after the (anticipated) entry of default against Top, Flycatcher shall amend its complaint with respect to its allegations against Mr. Shamloo but not with respect to any other Defendant. Forty-five days thereafter, Mr. Shamloo shall file his opening brief in support of his motion to dismiss the Fifth Amended Complaint. Thirty days thereafter, Flycatcher shall submit its opposition. Twenty-one days thereafter, Mr. Shamloo shall reply.

Finally, the Court is aware that Flycatcher has proposed a revised case management plan setting a discovery schedule. (*See* Dkt. #337). The Court will not enter the case management plan at this time but rather will wait until the resolution of Mr. Shamloo's anticipated motion.

The Clerk of Court is directed to terminate the pending motion at docket entry 337 and is further directed to enter default judgment as to liability on Counts I and II of the Fourth Amended Complaint against S&N Global Supply Inc.

SO ORDERED.

Dated: July 23, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge