UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FLYCATCHER CORP. LTD. and FLYCATCHER TOYS INC.,

PLAINTIFFS,

v.

AFFABLE AVENUE LLC dba CJ DIST, OZMOS COMPANY LLC, EYTAN GROSSMAN d/b/a EYG DEALS, CREATIVE REWARDS INC., JOSHUA CHAVEZ d/b/a ONESTOPFASTSHOP, TOP EXPERIENCE COMPANY LLC d/b/a WE PAY COST LLC, PRETTY PRINCESS LLC d/b/a NORVI, AYANEE LLC, FORTUNA KG LLC d/b/a FORTUNAKG, JAXSON MANAGEMENT LLC, JOAN ALEXANDER SORIANO d/b/a PRIMECHOICEMART, A WAHABI CORPORATION d/b/a MCPROFITS, MODA ORIGINAL LLC, S&N GLOBAL SUPPLY INC., SAM SHAMLOO, EYAD WAHBY, VALLEY BODEGA WHOLESALE INC., VALUE VALLEY WHOLESALE LLC, ADAM HAMIDA and JOHN DOES 1 to 25.

DEFENDANTS.

CIVIL ACTION

No. 1:24-cv-09429 (KPF)

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent ☐ / do not consent **X** to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed. Instead, the parties shall submit to the Court a fully executed SDNY Form Consenting to Proceed for All Purposes Before a Magistrate Judge, available at the Court's website, https://nysd.uscourts.gov/hon-katherine-polk-failla, within three (3) days of submitting this Proposed Civil Case Management Plan and Scheduling Order.*]

2. The parties [have **X** have not ☐] conferred pursuant to Fed. R. Civ. P. 26(f).

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed no later than November 15, 2026. Plaintiffs are restricted as to the amendments they may seek as per the Court's prior order.

4. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of this Order.

5. [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than

**NOT APPLICABLE.**

6. Discovery

a. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

b. The parties are to discuss, if and as appropriate, provisions for the disclosure, discovery, or preservation of electronically stored information (ESI). Any agreement reached between the parties concerning ESI is to be filed within 30 days from the date of this Order.

c. The parties are to discuss whether a procedure for designating materials as confidential is necessary in this matter. Any agreement between the parties for designating materials as confidential must conform to the Court's Individual Rules regarding the filing of materials under seal. Any confidentiality agreement between the parties is to be filed within 30 days from the date of this Order.

d. The parties are also to discuss protocols for asserting claims of privilege or of protection as trial-preparation material after such information is produced, pursuant to Federal Rule of Evidence 502. Any agreement reached between the parties concerning such protocols is to be filed within 30 days from the date of this Order.

e. All fact discovery shall be completed no later than January 31, 2027.

f. All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than April 15, 2027.

7. Interim Discovery Deadlines

a. Initial requests for production of documents shall be served by October 21, 2026.

b. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by October 21, 2026.

c. Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than 30 days before the close of discovery. No other interrogatories are permitted except upon prior express permission of the Court.

d. Depositions of fact witnesses shall be completed by January 31, 2026.

e. Requests to admit shall be served by October 21, 2026.

f. Any of the deadlines in paragraphs 7(a) through 7(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 6(e).

g. No later than 30 days prior to the date in paragraph 6(e) (i.e., the completion of all fact discovery), the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 6(f).

8. Privileged Materials and Trial-Preparation Materials

a. [*If and as applicable*] The parties shall comply with Fed. R. Civ. P. 26(b)(5)(A) and Local Civil Rule 26.2 no later than November 15, 2026 the following method or methods:

**Privilege logs consistent with Local Civil 26.2. Parties may use categorical logs or any other system consistent with the local rule or agreed to by the parties.**

---

[*In general, parties are encouraged to exchange privilege logs or other means of identifying withheld materials concurrently with, or as promptly as practicable following, each production. In accordance with Local Civil Rule 26.2(c), parties are also encouraged to identify and use efficient methods for the exchange of such information, including, as appropriate, the use of document-by-document, categorical, or metadata privilege logs*.]

b. The parties [have ☐ / have not ✔] reached an agreement under Fed. R. Evid. 502. [If the parties have reached such an agreement, they may file an agreed-upon proposed order under Fed. R. Evid. 502(d).]

c. The parties [do ✔ / do not ☐] believe that a protective order under Fed. R. Civ. P. 26(c) is warranted. [If the parties believe that a protective order is warranted, they should file an agreed-upon proposed order. Any such order may bind the parties to treat as confidential documents so classified but may not authorize the parties to file documents under seal absent an appropriate court finding. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006).]

9. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), which are available at https://nysd.uscourts.gov/hon-katherine-polk- failla.

10. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may submit a letter to the Court, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful. If the opposing party wishes to respond to the letter, it must submit a responsive letter, not to exceed three pages, within three business days after the request is received. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.

11. Settlement/Alternative dispute resolution

a. All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery EXCEPT in cases brought as putative collective actions under the Fair Labor Standards Act, in which case counsel must meet to discuss settlement within 14 days following the close of the opt-in period.

b. Settlement discussions [have __/ have not ✔] taken place.

c. [*If applicable*] Counsel have discussed an informal exchange of information in aid of early settlement and have agreed upon the following:

______________________________________________________________
______________________________________________________________
______________________________________________________________
______________________________________________________________
______________________________________________________________

d. [*If the case has not already been referred for settlement*] Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms in this case and propose the following alternate dispute resolution mechanism for this case:

☐ Immediate referral to the designated Magistrate Judge for a settlement conference

☐ Referral to the designated Magistrate Judge for a settlement conference at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery): ____________________________________________________

☐ Immediate referral to the District's Mediation Program

✔ Referral to the District's Mediation Program for a settlement conference at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery): **At the end of fact discovery.**

☐ Other: ____________________________________________________

e. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

12. Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case. Before filing a summary judgment motion, the moving party must file a pre-motion submission pursuant to Section 4(A) of the Court's Individual Rules. The submission shall be filed within 30 days of the close of fact or expert discovery, whichever comes later.

13. Similarly, any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, is to be filed within 30 days of the close of fact or expert discovery, whichever is later. Unless otherwise ordered by the Court, opposition to any such motion is to be filed two weeks after the motion is served on the opposing party, and a reply, if any, is to be filed one week after service of any opposition.

14. Unless otherwise ordered by the Court, within 30 days of the close of all discovery, or, if a dispositive motion has been filed, within 30 days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Fed. R. Civ. P. 26(a)(3). The parties shall also follow Paragraph 7 of the Court's Individual Rules, which paragraph identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

15. If this action is to be tried before a jury, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules.

16. Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial 30 days after the Joint Pretrial Order is filed.

17. This case [is ☑ / is not ☐] to be tried to a jury.

18. Counsel for the parties have conferred and the present best estimate of the length of trial is **5 days.**

19. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

Parties anticipate submitting a stipulated Confidentiality Order.

Counsel for the Parties:

KOFFSKY SCHWALB LLC
Efrem Schwalb
Tal S. Benschar
500 Seventh Avenue, 8th Floor
New York, New York 10018
(646) 553-1590
*Counsel for Plaintiffs*
*Flycatcher Corp. Ltd.*
*and Flycatcher Toys Inc.*

LOZA & LOZA, LLP
Eryn Yee Kwai Truong
305 N. Second Ave.
Ste #127
Upland, CA 91786
877-406-5164
*Counsel for Defendant*
*Valley Bodega Wholesale Inc.*

SCARINCI HOLLENBECK
Dan Brecher
519 Eighth Avenue
Ste 25th Floor
New York, NY 10018
212-286-0747
*Counsel for Defendant Joshua Chavez*

**TO BE FILLED IN BY THE COURT IF APPLICABLE:**

________________________shall file a motion for_______________________no later than___________________________. Any opposition shall be filed by ___________ and any reply shall be filed by____________. One courtesy copy of all motion papers, marked as such, shall be mailed or hand delivered to the Court by the movant at the time the reply is served. All courtesy copies should be three-hole punched, tabbed, and placed in binders as specified in the Court's Individual Rules.

The next pretrial conference is scheduled for February 18, 2027 at 11:00 a.m.. The conference will take place:

☐ in-person in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007; or,

☒ remotely by telephone. At the scheduled time, the parties are to dial in to the conference by calling (855) 244-8681 and entering access code 2315 780 7370#. Note that the conference line will not be available before the start of the conference time.

By Thursday of the week prior to that conference, the parties shall file on ECF, and provide a courtesy copy, clearly marked as such, via e-mail (Failla_NYSDChambers@nysd.uscourts.gov) a joint letter, not to exceed three pages, regarding the status of the case. The letter should include the following information in separate paragraphs:

(1) A statement of all existing deadlines, due dates, and/or cut-off dates;

(2) A brief description of any outstanding motions;

(3) A brief description of the status of discovery and of any additional discovery that needs to be completed;

(4) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

(5) A statement of the anticipated length of trial and whether the case is to be tried to a jury;

(6) A statement of whether the parties anticipate filing motions for summary judgment, including the basis of any such motion; and

(7) Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein (except as provided in paragraph 7(f)) shall be made in a written application in accordance with the Court's Individual Rules and must be made no fewer than two business days prior to the expiration of the date sought to be extended.

SO ORDERED.

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge

Dated: October 13, 2026
New York, New York