UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FLYCATCHER CORP. LTD. and FLYCATCHER TOYS INC.,

PLAINTIFFS,

v.

AFFABLE AVENUE LLC dba CJ DIST, OZMOS COMPANY LLC, EYTAN GROSSMAN d/b/a EYG DEALS, CREATIVE REWARDS INC., JOSHUA CHAVEZ d/b/a ONESTOPFASTSHOP, TOP EXPERIENCE COMPANY LLC d/b/a WE PAY COST LLC, PRETTY PRINCESS LLC d/b/a NORVI, AYANEE LLC, FORTUNA KG LLC d/b/a FORTUNAKG, JAXSON MANAGEMENT LLC, JOAN ALEXANDER SORIANO d/b/a PRIMECHOICEMART, A WAHABI CORPORATION d/b/a MCPROFITS, MODA ORIGINAL LLC, S&N GLOBAL SUPPLY INC., SAM SHAMLOO, EYAD WAHBY, VALLEY BODEGA WHOLESALE INC., VALUE VALLEY WHOLESALE LLC, ADAM HAMIDA and JOHN DOES 1 to 25.

DEFENDANTS.

CIVIL ACTION

No. 24-9429 (KPF)

**STIPULATED CONFIDENTIALITY ORDER**

WHEREAS the Parties in the above action and are engaged in discovery proceedings, which may include, among other things, responding to requests for production, responding to interrogatories, taking depositions, and producing documents for inspection and copying;

WHEREAS, the Parties agree that they could be damaged if financial information, or other highly sensitive confidential non-public information or documents were disclosed publicly;

WHEREAS, good cause exists for entry of this Stipulation and Confidentiality Order;

WHEREAS, the entry of this Stipulation and Confidentiality Order will expedite the flow of discovery material, facilitate prompt resolution of disputes over confidentiality, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure promote fair and expeditious resolution of this litigation;

IT IS HEREBY STIPULATED and ORDERED that:

1. This Stipulation and Confidentiality Order shall govern the handling of all information, material and documents (as defined in Fed. R. Civ. P. 34(a)) disclosed during the course of the Action by any party or by any non-party acting voluntarily or in response to Court-authorized-discovery, including responding to requests for production, responding to interrogatories, taking depositions, and producing documents for inspection and copying.

2. Designation of Confidential Material: It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a) The following documents and electronically stored information ("ESI") may be designated as "confidential" by any party or non-party, provided that such documents are not public, and have not previously been disclosed by the producing party or non-party to anyone except those in its employment or those retained by it, the public disclosure of which is either restricted by law or would likely, in good faith opinion of the producing party, seriously harm the producing party's business, commercial, financial, or personal interests or cause the producing party to violate his, her or its privacy or confidentiality obligations to others:

- Sensitive Commercial Data, such as non-public and/or confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, pricing data, or other information that is considered non-public and sensitive in nature.

- Sensitive Personal Data, such as personal identifiers, financial information, tax records, employer personnel records, dates of birth, social security numbers, addresses, names of minor children, and all forms of bank account, credit card account, and/or other financial account numbers and records. *See* Fed. R. Civ. P. 5.2; S.D.N.Y. ECF Privacy Policy.

- Medical and Legal Records, including medical files and reports.

- Non-public criminal history.

(b) If any party believes that a document and/or ESI not described in the above paragraph should nevertheless be considered confidential, that party may make application to the Court. Such an application shall only be granted for good cause shown.

(c) An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page. If only a portion of a document and/or ESI is confidential, a party may designate such portions as "confidential" by specifically identifying which portions of such materials are being designated "confidential."

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the responses.

At the time of a deposition or within 21 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at a deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 21-day period. After the 21 days have passed, if the transcript has not been designated confidential by any party, the transcript shall no longer be considered confidential except upon stipulation by the parties or Court order. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "confidential" by the reporter. The party designating the deposition testimony as confidential is responsible for ensuring that the transcript (or relevant portions thereof) is physically marked as confidential by the court reporter.

(d) Any document and/or ESI produced by a non-party shall be treated as confidential for a period of 15 days following the production to the Parties. During this 15-day period, any party may provide written notice that it is designating documents produced by the non-party as confidential.

3. Designation of "Attorneys' Eyes Only" Material: It is hereby ordered that the following provisions shall govern claims of "attorney's eyes only" in these proceedings:

(a) Any party to this litigation and any non-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

4. Scope: The protections conferred by this order cover not only confidential, or

attorneys' eyes only material (as defined above), but also (1) any information copied or extracted from confidential or attorneys' eyes only material or outside counsel attorney's eyes only material; (2) all copies, excerpts, summaries, or compilations of confidential or attorneys' eyes only material or outside counsel eyes only material; and (3) any testimony, conversations, or presentations by any party (whether a party to this litigation or participating non-party) or their counsel that might reveal confidential or attorneys' eyes only material or outside counsel eyes only material.

However, the protections conferred by this order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise. Moreover, nothing in this Stipulated Confidentiality Order shall be construed to affect the use of any document, material, or information at any trial or hearing, and the use by either party of documents designated as confidential at any trial or hearing shall not constitute a waiver of confidentiality or other privileges in the documents used.

A receiving party may use confidential and attorneys' eyes only material and outside counsel eyes only material that is disclosed or produced by another party or by a non-party in connection with this case for prosecuting, defending, or attempting to settle this litigation. Confidential and attorneys' eyes only material and outside counsel eyes only material may be disclosed only to the categories of persons and under the conditions described in this order. Confidential and attorneys' eyes only material and outside counsel eyes only material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this order.

(a) Documents designated "confidential" shall be shown only to the attorneys, experts, and court personnel who of necessity must review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Each person who is permitted to see confidential documents, who is not a party or an attorney for a party, shall be required to sign an agreement to be bound

by this Order, attached hereto as Exhibit A. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

(b) Documents designated "attorney's eyes only" shall be shown only to the attorneys, parties (including their affiliates and employees), experts, actual or proposed witnesses, court personnel, and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Each person who is permitted to see confidential documents, who is not a party or an attorney for a party, shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A. The parties agree that any attorney's eyes only discovery material produced in this litigation may only be used in connection with this litigation.

(c) Review of the documents and/or ESI designated confidential or attorney's eyes only by any aforementioned counsel, experts, witnesses, court personnel, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

5. Inadvertent Disclosure: The inadvertent, unintentional, or *in camera* disclosure of documents and/or ESI designated confidential or attorney's eyes only shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If, at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing and attaching the confidential and/or attorney's eyes only information so designated with an appropriate stamp or marking. After such an assertion, each party shall affix the legend "Confidential" or "Attorney's Eyes Only" to each copy of the newly designated document and/or ESI in its possession and shall make all reasonable efforts to ensure that every entity or individual to whom the party has disclosed the information also affixes the appropriate legend to each copy of the newly designated document and/or ESI in its possession. Providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential and/or attorney's eyes only under this Order.

6. Challenging a Confidential and/or Attorney's Eyes Only Designation: If a party

believes that a document designated or sought to be designated as confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

7. Subpoenas: If a party in possession of documents and/or ESI designated "confidential" and/or "attorney's eyes only" that was so designated by another party or non-party receives a subpoena from a non-party seeking production or other disclosure of material designated "confidential" and/or attorney's eyes only, it shall promptly give written notice to counsel for the producing party and, if the designating party is not the same entity, the designating party as well, identifying the confidential material sought and enclosing a copy of the subpoena, and provide the party and/or non-party that is being notified with a reasonable opportunity to object to the disclosure. Where possible, at least ten (10) days' notice before production or other disclosure shall be given. In no event shall production or disclosure be made before notice is given. If the party claiming confidentiality and/or attorney's eyes only makes a motion to quash or modify the subpoena or order, then the party, person or entity receiving the subpoena or order shall comply with applicable law or the order of the court having jurisdiction over such subpoena, order, or motion. If no such motion is made, despite a reasonable opportunity to do so, the party, person or entity receiving the subpoena or order is entitled to comply with it.

8. Privileged Material. If a receiving party receives documents and/or ESI that the producing party deems to contain inadvertently disclosed information protected by the attorney-client privilege, the work product doctrine, or any other recognized privilege or protection

("Privileged Material"), the receiving party shall, upon receipt of demand by the producing party, immediately return the documents and/or ESI containing the Privileged Material without reservation of a copy or copies. The inadvertent disclosure by any person of any Privileged Material shall not waive any such privilege or protection including attorney-client privilege or protection under the work-product doctrine for the Privileged Material or for the subject matter of that material, in this Action or any other state or federal proceeding or other proceeding, pursuant to Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to this provision, F.R.E. 502(b) is inapplicable to this Action. This Stipulation and Confidentiality Order shall not excuse a producing party from taking reasonable steps to identify, in advance of production, its documents and information which contain Privileged Material. It is expressly contemplated that computerized searches of data using keywords and search terms to identify Privileged Material shall be considered sufficient and reasonable measures to support the assertion of inadvertent production.

If, in connection with this litigation, and despite having taken reasonable steps to prevent disclosure of Privileged Material, a producing party inadvertently discloses information:

(a) If a producing party makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Privileged Information, and provide a certification of counsel that all such information has been returned or destroyed.

(b) Within five (5) business days of the notification that such Inadvertently Disclosed Privileged Information has been returned or destroyed, the producing party shall produce a privilege log with respect to the Inadvertently Disclosed Privileged Information.

(c) If a receiving party thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Privileged Information, that motion shall be filed under seal, and shall not assert as ground for entering such an order the mere fact of the inadvertent production. The producing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Privileged Information.

9. Amendments. The provisions of this Stipulation and Confidentiality Order may

be modified by agreement of the Parties hereto, and this Stipulation and Confidentiality Order is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

10. Filing Confidential and Attorney's Eyes Only Material. The parties shall comply with the Fed. R. Civ. P. 5.2, the S.D.N.Y. ECF Privacy Policy, and the Court's Individual Rules 9.A. and 9.B. if they wish to move to file a document under seal. Nothing in this Order authorizes filing documents under seal except consistent with these rules.

11. Non-Termination and Return of Documents. Within 60 days after the conclusion and termination of this Action, including all appeals, all confidential and/or attorney's eyes-only material shall be returned to the respective producing parties or destroyed by the recipients. Notwithstanding this provision, counsel is entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

12. Disputes. In any application to the Court referred to or permitted by this Stipulation and Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

13. Court's Jurisdiction. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

IT IS SO STIPULATED:

KOFFSKY SCHWALB LLC

/s/ Efrem Schwalb
Efrem Schwalb
Tal S. Benschar
500 Seventh Avenue, 8th Floor
New York, New York 10018
(646) 553-1590
*Counsel for Plaintiffs*
*Flycatcher Corp. Ltd.*
*and Flycatcher Toys Inc.*

SCARINCI HOLLENBECK

Dan Brecher
519 Eighth Avenue
Ste 25th Floor
New York, NY 10018
212-286-0747
*Counsel for Defendant Joshua Chavez*

LIGHTHOUSE LAW GROUP, PLLC

Matthew R. Lighthouse
127 W Hargett St., Ste 301
PMB 456
Raleigh, NC 27601
919-283-6016
ml@lighthouse-lawgroup.com

LOZA & LOZA, LLP

Eryn Yee Kwai Truong
305 N. Second Ave.
Ste #127
Upland, CA 91786
877-406-5164

*Counsel for Defendant*
*Valley Bodega Wholesale Inc.*

This confidentiality agreement binds only its signatories. The agreement does not bind the Court or any of its personnel, nor does it bind parties in this litigation who are not signatories. The Court can modify this stipulation at any time. The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation. Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

Dated: November 23, 2026
New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Flycatcher Corp. Ltd. v. Affable Avenue LLC*, No. 24-9429 (KPF), have been designated as confidential. I have been informed that any such documents or information labeled "confidential" and/or "attorney's eyes only" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Print Name:___________________________

Sign Name:___________________________

Dated:__________________

Signed in the presence of:

_____________________________________
(Attorney)